of repealing Article 924, V.A.P.C., under which this prosecution was had.

■ Article 698b, P.C., does not expressly repeal Article 924, P.C. These articles are not contradictory and may exist at the same time, each being applicable to a different state of facts. Hence, there was no repeal by implication. Naylor v. State, 159 Tex.Cr.R. 583, 265 S.W.2d 831.

In 12 Tex.Jur., sec. 22, page 238, we find the following:

"But repeals by implication are not favored in law, and the legislative intention to repeal the existing statute must clearly appear."

■ We are next confronted with appellant's contention that he was induced to plead guilty by prior representations of the county attorney and the game warden that the punishment to be assessed would be a fine only.

The appellant did not testify at the hearing on the motion for new trial. He made an effort to support such contention by the testimony of the two parties who he said misled him, and from an examination of their testimony we have concluded that he failed in such effort.

■ Appellant says the evidence does not support the maximum penalty. If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question. Pineda v. State, 157 Tex.Cr.R. 609, 252 S.W.2d 177.

■ His last contention is that there were extenuating circumstances that should have been introduced in evidence. This may certainly be true, but the time to have developed them would have been when he entered his plea before the court.

■ We find the information to have been drawn in the language of Form 419, Willson's Criminal Forms, and we overrule appellant's contention as to its insufficiency.

■ Since the justice court had no jurisdiction to try this case, Article 64, V.A. C.C.P., has no application here.

Finding no reversible error, the judgment of the trial court is affirmed.

Roy MANNING, Appellant,

v.

The STATE of Texas, Appellee.

No. 27712.

Court of Criminal Appeals of Texas.

Oct. 19, 1955.

William F. Jackson, J. C. McEvoy, Hempstead, for appellant.

C. W. Karisch, County Atty., Hempstead, Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is a violation of Article 924, Vernon's Ann.P.C., which denounces, among other things, the placing of substances deleterious to fish life in the waters of this State for the purpose of catching fish; the punishment, 90 days in jail and a fine of $100.

This is a companion case to Manning v. State, 284 S.W.2d 903.

The issues here presented are the same, and we will omit a restatement of them.

The judgment of the trial court is affirmed.