## CALVIN H. MOORE V. THE STATE.

No. 21628. Delivered May 28, 1941.

The opinion states the case.

*J. A. Collier,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder with malice aforethought. The

punishment assessed is confinement in the State penitentiary for a term of fifteen years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction.

The evidence adduced by the State shows that about 1:00 or 2:00 o'clock a. m. of July 29, 1940, appellant, accompanied by his sister, Mr. Copeland and another person, was in the Kyle Cafe drinking beer. Louis Black, the deceased, Ted Mienetz and Mrs. Allred, a waitress in said cafe, were sitting at another table some distance removed. Appellant and his sister became involved in an argument in the course of which he slapped her; that when Copeland remonstrated with him he was also slapped by appellant. The waitress then asked them to leave, whereupon appellant's sisted cursed her. The deceased, no doubt, was somewhat amused by their conduct and laughed. Appellant asked the deceased what he was laughing at and then remarked, "If you have any guts, come on outside." Appellant and deceased went out, appellant having an open knife in his hand. After getting outside, they commenced fighting and deceased knocked appellant down, who dropped his knife, arose and ran away. Mr. Mienetz picked up the knife and delivered it to the officers. Mr. Black, the injured party, was carried to a hospital, where it was discovered that he had been stabbed near the heart, which resulted in his death.

The only difference in the testimony offered by appellant and that adduced by the State is that after he (appellant) had slapped his sister, the deceased asked him if he went around starting trouble, to which appellant replied, "No"; that the deceased then said, "If you want to fight, why don't you jump on me." Appellant replied, "The argument is all over; I am going home"; that the deceased then came up and said, "Wait a minute; I don't believe you can whip me"; that the deceased then struck appellant and knocked him down. This caused quite a number of people to congregate at the door, one of whom had a club. Appellant testified that he did not really know when he stabbed the deceased, but his theory was that the deceased must have run into the knife. When picked up, the knife revealed the fact that the blade had just been broken off in penetrating the body. There was no question about the size, depth and location of the wound, nor the result thereof. We deem the evidence sufficient to sustain the conviction.

Bill of exception No. 1 shows that while appellant was testi-

fying in his own behalf, he undertook to explain why he slapped his siter, to which the State objected. The court sustained the objection and appellant excepted. This bill is qualified by the court, who states in his qualification that he permitted appellant, in the absence of the jury, to state his reason; and it also developed that the cause thereof was not known to the deceased. The court reached the conclusion that the cause which appellant had for slapping his sister was irrelevant and did not tend to elucidate any fact in issue. We are of the opinion that the court's ruling was correct. The provocation, if any, on the part of appellant's sister, which induced him to slap her, did not shed any light on any issue in the case. The testimony shows that the deceased was not acquainted with appellant's sister and did not know that she was his sister. Moreover, it is obvious from the record that the provocation, if any, was verbal. However, a verbal provocation does not justify an assault and battery, although evidence of an insult or abusive language towards or concerning the assaulting party may be given in mitigation of the punishment for that offense, limiting the introduction of evidence of abusive language to that offense only and not to an offense committed on someone else. Art. 1143, P. C. Consequently, appellant could not justify his act in slapping his sister by showing a verbal provocation or offering it in evidence in mitigation of the punishment for killing a third person who did not encourage or prompt the person to resort to the provocative language. Article 728, C. C. P., to which appellant refers in his brief, has reference to any act, declaration or conversation, etc., which is pertinent and relevant and not to any irrelevant declaration or conversation. Furthermore, the bill of exception is wholly deficient in that it fails to state what explanation the appellant would have given, if any.

Bills of Exception Nos. 2, 3 and 4 all relate to the same subject-matter and will be treated and disposed of together. It appears from the bills that the State, on cross-examination of some of appellant's character witnesses, asked them if they had not heard that appellant had, within the last ten years, been convicted of misdemeanor theft; also if they had not heard that he had been charged with robbery in 1930. The record shows that appellant had filed a plea for a suspension of sentence in the event of a conviction and not only proved that he had not been convicted of a felony in this or any other state, but offered proof that his general reputation as a quiet, peaceable and law-abiding citizen was good. Under these circum-

stances, the inquiry was permissible for the purpose of testing the sincerity of the witnesses and the weight to be given to their testimony. See Hart v. State, 141 S. W. (2d) 648, and cases there cited. The State was not attempting to prove appellant's bad reputation by specific acts of misconduct but was merely testing the knowledge of the witnesses as well as their sincerity relative to the matter about which they had testified in chief. See Rosamond v. State, 101 Tex. Cr. R. 315; Broussard v. State, 134 Tex. Cr. R. 1.

No error having been presented by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.