LEE MANNING V. STATE

No. 27,711. October 19, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 4, 1956

*J. C. McEvoy* and *Wm. F. Jackson,* Hempstead, for appellant.

*C. W. Karisch,* County Attorney, Hempstead, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is a violation of Article 924, V.A.P.C., which denounces, among other things, the placing of substances deleterious to fish life in the waters of this state for the purpose of catching fish; the punishment, 90 days in jail and a fine of $100.00.

The appellant plead guilty without the services of an attorney and then filed a motion for new trial.

We shall discuss the contentions ably briefed and argued in this court by his capable attorney employed on appeal.

He first contends that the court heard evidence in the absence of the accused. He supports this contention with the fol-

lowing proof. On the morning before the appellant plead guilty, the county attorney acquainted the county judge that certain "fish cases" were to be presented to the court and that "somebody said fish were dead all along the creek." Without a further showing than this, we would not be inclined to give application to the rule expressed in Phelps v. State, 158 Texas Cr. R. 510, 257 S.W. 2d 302. The appellant showed further that the state had subpoenaed several landowners along Clear Creek to appear at the trial but did not call on them to testify. In his brief he says, "The only conceivable purpose in arraying such landowners before the judge and in having them in attendance was to influence the county judge in assessing the maximum penalty herein, which was done." We cannot attribute so sinister a motive to the state, nor can we agree that our courts would be so affected.

Appellant next contends that when Article 698b, V.A.P.C. (Pollution of public waters), was enacted in 1943, it had the effect of repealing Article 924, V.A.P.C., under which this prosecution was had.

Article 698b, P.C., does not expressly repeal Article 924, P.C. These articles are not contradictory and may exist at the same time, each being applicable to a different state of facts. Hence, there was no repeal by implication. Naylor v. State, 159 Texas Cr. R. 583, 265 S.W. 2d 831.

In 12 Texas Jur., Sec. 22, page 238, we find the following:

"But repeals by implication are not favored in law, and the legislative intention to repeal the existing statute must clearly appear."

We are next confronted with appellant's contention that he was induced to plead guilty by prior representations of the county attorney and the game warden that the punishment to be assessed would be a fine only.

The appellant did not testify at the hearing on the motion for new trial. He made an effort to support such contention by the testimony of the two parties whom he said misled him, and from an examination of their testimony we have concluded that he failed in such effort.

Appellant says the evidence does not support the maximum penalty. If the punishment is within that prescribed by the

statute, it is beyond the province of this court to pass upon the question. Pineda v. State, 157 Texas Cr. R. 609, 252 S.W. 2d 177.

His last contention is that there were extenuating circumstances that should have been introduced in evidence. This may certainly be true, but the time to have developed them would have been when he entered his plea before the court.

We find the information to have been drawn in the language of Form 419, Willson's Criminal Forms, and we overrule appellast's contention as to its insufficiency.

Since the justice court had no jurisdiction to try this case, Article 64, V.A.C.C.P., has no application here.

Finding no reversible error, the judgment of the trial court is affirmed.