ROBERT LEWALLEN v. STATE

No. 29,499. February 19, 1958.
Appellant's Motion for Rehearing Overruled
April 16, 1958.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) May 21, 1958.

*Witts, Geary, Hamilton & Brice,* by *Josephus W. Geary, Jr. Sessions, Sessions, Hoffman, Ackels & McMahan,* by *W. R. Sessions,* all of Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander, George Biggs, A. D. Jim Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony embezzlement; the punishment, 3 years.

Appellant waived a jury and entered his plea of guilty before the court. The evidence is sufficient to establish that the appellant, acting with another, misapplied and converted the proceeds of a check in the sum of $3,165.85, which sum was the property of the corporation of which he was secretary and general manager.

He urges on this appeal that the trial court erred in assessing a punishment greater than the minimum and says that this court should review the testimony to determine if it will support a punishment greater than the minimum.

We have consistently held that, if the punishment is within that prescribed by the statute, it is beyond the province of this court to pass on the question as to whether the evidence is sufficient to support a punishment greater than the minimum. Pineda v. State, 157 Texas Cr. Rep. 609, 252 S.W. 2d 177, and Manning v. State, 162 Texas Cr. Rep. 329, 284 S.W. 2d 903.

We overrule appellant's contention that the evidence does not show lack of consent. Carlton, the president of the corporation, testified that he gave the appellant specific instructions as to a disposition of the proceeds of the check and that when such instructions were not followed it was without the consent of the corporation. We also overrule his contention that the Board of Directors of the corporation ratified his act by acquiescence. We are aware of no rule of law which would authorize them to ratify a crime.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

We have re-examined the statement of facts in the light of appellant's motion for rehearing and argument in support thereof and remain convinced that there is sufficient evidence to sustain a conviction upon appellant's plea of guilty before the court.

As we understand the record, about May 1, 1957, Max Mayo purchased 8,000 shares of stock in "Ling Industries," and executed in payment thereof 40 notes payable to Delta Discount Corporation. He thereafter paid off the obligation on 2,000 shares by check for $3,165.80 payable to Delta Discount and the check was cashed, but he never received the 2,000 shares of stock and was not reimbursed for the $3,165.80.

Mayo's notes, according to appellant's representations, had been re-discounted with the money of C & M Investment Company who supposedly had the notes and stock.

Appellant was secretary and general manager of Delta Discount Corporation, and on May 21, 1957, appellant and Mr. Carlton, President of Delta Discount Corporation, after conferring, signed a check for the purpose of paying off 10 of the notes signed by Mayo and received therefor 2,000 shares of Ling Industries stock to be delivered to Mayo.

The check was issued payable to C & M Investment Company, bearing the notation "10 notes payor Mayo." Two signatures of officers being required, the check was drawn on Delta Discount Corporation by Carlton and appellant, whose signatures appear thereon.

The check so drawn in the amount of $3,165.80 was taken by appellant with authority from Mr. Carlton to Oak Cliff Bank and Trust Company in Dallas where it was exchanged for a cashier's check payable to C & M Investment Company.

The cashier's check bearing the endorsement "payment of partial balance on Ling Ind. Common Stock. C & M Investment Co. Deposit only, by Jack Harris" was deposited in Continental National Bank of Fort Worth, appellant and Jack Harris going to the bank for the purpose of opening an account in the name of C & M Investment Company with the cashier's check.

Appellant represented himself to an officer of the bank as Mr. Allison, an attorney representing C & M Investment Co. from Welmington, New Jersey, and he and Harris gave Box Number 1162 in Fort Worth as the address of C & M Investment Company.

The account was opened at Continental National Bank with the cashier's check and the following day Jack Harris drew $3,000.00 from the account.

Before presenting the cashier's check at Continental National Bank, it was tendered for a similar purpose to Fort Worth National Bank by two men, one being the appellant and the other Jack Harris, who identified himself as "Jack Beggs."

The application to open a new account in Fort Worth National Bank "in the name of C & M Investment Company, owner Jack Beggs" with the tender of the cashier's check was refused for the reason that appellant and "Jack Beggs" "desired to open the account with this check and withdraw considerable of the money at that time."

The signature card made in the presence of an officer of the Fort Worth National Bank by "Jack Beggs" for the purpose of opening said account, shows the signature "Jack Beggs, sole owner" and the address: P.O. Box 1646.

An assumed name certificate from the records of Tarrant County was offered in evidence signed Jack Harris, reciting that he was conducting a business in Tarrant County under the name of C & M Investment Company, with the address Professional Building, Fort Worth, Texas. This certificate bears date of May 22, 1957, the day after the cashier's check was issued.

The record further shows that C & M Investment Company did not have offices in the Professional Building at Fort Worth, and that there was no Post Office Box 1162 or 1646 in the United States Post Office at Fort Worth.

Mr. Carlton, President of Delta Discount Corporation, testified that appellant represented to him that Melvin Moses was doing business as C & M Investment Company and that he delivered the check to appellant to "have it cashiered" and to deliver the cashier's check to Moses and pick up the stock and return it that day; that he saw appellant two days later and

appellant said: "That he had gone over to Fort Worth and left the check with Moses, but Moses was not there and that he had left a special delivery letter addressable to Mays for Moses to return the check in. Excuse me, not the check, the stock in."

Mr. Carlton further testified that he had not received the 2,000 shares of Ling Industry stock and appellant had not returned the $3,165.80.

The facts are sufficient to sustain a finding that appellant acting together with Jack Harris fraudulently embezzled and converted to his own use the proceeds of the Delta Discount Corporation check and the cashier's check, which checks came into his possession to be applied to the payment of notes secured by Ling Industries stock.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.