**John Daniel McGRUDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36612.**

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Rehearing Denied April 22, 1964.

Marvin O. Teague, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for aggravated assault; the punishment, a fine of $500 and 365 days in jail.

The complaint and information charged an aggravated assault when committed with a knife, as defined in subdivision (10) of Art. 1147, Vernon's Ann.P.C.

In charging the offense it was alleged that on or about the 26th day of May, 1963, in Harris County, Texas, the appellant did "make an aggravated assault in and upon Robert Bailey, by then and there cutting and stabbing the said Robert Bailey with a knife."

Appellant filed no exception or motion to quash the complaint and information in the trial court but urges on this appeal that the information is fatally defective because it does not allege that an assault and battery was committed and that the same was unlawful.

The allegations of the complaint and information state the commission of an assault and battery and are sufficient to charge an offense. The failure to specifically allege that the assault was unlawful did not vitiate the information, as the facts alleged therein clearly show the act to have been unlawful. Veevers v. State, Tex.Cr. App., 354 S.W.2d 161.

At the trial, the prosecuting witness, Bailey, testified that on the night in question he was at the ElDorado Club drinking beer; that during the evening he went outside where he saw the appellant's sister, to whom he had once been engaged; that he asked her about what she had been saying about him and she began to curse him; that he caught her by the arm and after he turned her loose and she called to the appellant for help, the appellant came running to the witness and struck him in the left side. He stated that he then told appellant he did not want to fight and appellant replied, " * * * you are going to fight me, you jumped on my sister," whereupon the witness ran across the street and was pursued by appellant. He related that as he was fleeing from appellant, someone gave him a gun and that after he took the gun he turned around and told appellant to stop; and that appellant continued to advance upon him and he hit appellant on the head with the gun and knocked him down. The witness stated that when he knocked appellant down, he (the witness) saw that appellant had a knife in his hand which he described as a pocket knife and as being "very long."

Bailey stated that at such time two officers arrived upon the scene and took him to the hospital after it was ascertained that he had been cut. In describing his injury, Bailey stated that he had a knife cut which penetrated his spleen and that an operation was performed in which the spleen was removed.

Appellant did not testify but called two witnesses, Penny Mae Barnes and his sister, Marion McGruder, who gave their version of the difficulty and stated in substance that it was Bailey, the injured party, who started the fight with appellant and struck the first blow. Both witnesses swore that they did not see appellant with a knife on the night in question.

The record presents no formal bills of exception and there are no objections to the court's charge.

■ We overrule appellant's contention that the evidence is insufficient to sustain the conviction and that the court erred in overruling his motion for an instructed verdict of not guilty, on the ground that the evidence showed the defense of another as a matter of law. The evidence is clearly sufficient to support the allegation of the state's pleading that appellant cut and stabbed the injured party with a knife.

■ While the testimony shows that appellant cut the injured party on the occasion of the difficulty between the injured party and appellant's sister, we are unable to say that the defense of another was established as a matter of law. See: Owens v. State, 168 Tex.Cr.R. 88, 323 S.W.2d 260; Pruneda v. State, Tex.Cr. App., 329 S.W.2d 886.

■ In this connection it should be noted that no charge on self-defense or defense of another was submitted to the jury and none was requested by appellant. In the absence of an objection to the charge or a requested charge, appellant's complaint to the court's failure to submit such a charge to the jury is not before us. Nesbit v. State, 165 Tex.Cr.R. 336, 306 S.W.2d 901; Morgan v. State, Tex.Cr.App., 341 S.W.2d 438; Mendez v. State, Tex.Cr. App., 362 S.W.2d 841.

■ At the hearing on the motion for new trial, it was developed that as the court reconvened following the noon hour one Jesse Curtis Moore was called to the stand and asked his name and address and at this juncture the court interrupted the proceeding because he discovered that a juror was missing. The juror then appeared and took her place in the jury box and the witness was again asked his name and address and the questioning continued.

In this we perceive no error.

■ While being questioned, it was discovered that the witness had talked to the injured party during the noon hour (in violation of the rule) and the court directed that his testimony be stricken, and no further questions were propounded to him.

No objection was made by appellant to the court's action, and any complaint thereto was waived.

Appellant's remaining complaint is that the punishment assessed by the jury was onerous, cruel, unusual, and excessive.

■ The punishment assessed is within the limits prescribed by law and it is not within the province of this court to pass upon the propriety of such punishment. Manning v. State, 162 Tex.Cr.R. 329, 284 S.W.2d 903; Hunt v. State, 167 Tex.Cr.R. 51, 317 S.W.2d 743.

The judgment is affirmed.

Opinion approved by the Court.