**Soloman Adams GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37628.

Court of Criminal Appeals of Texas.

Jan. 27, 1965.

Wm. H. Hamblen, Thomas R. Bell, Edna, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted, upon his plea of guilty and waiver of a trial by jury, of the offense of operating a motor vehicle upon a public highway while his operator's license was suspended, and assessed punishment at confinement in jail for six months and a fine of $250.

After the entry of judgment on such plea, a motion for new trial was filed by appellant in which he alleged that he was induced and persuaded to plead guilty by the promise of an officer that he would receive a fine, which he could pay and be discharged, and had he known he would be given a jail sentence he would not have entered a plea of guilty and waived the right of a trial by jury.

At the hearing, B. B. Burnell, a witness called by appellant, testified that he was appellant's employer and that appellant called him from the jail, or sheriff's office, and told him that he was being held for driving without a license; that the witness then talked to a deputy sheriff by the name of Anderson, who stated that appellant was charged with "driving while license suspended," and upon being asked when the trial would be held the deputy answered: "In the morning * * * It won't be anything to it other than a fine." The witness testified that he then talked to appellant and told him if he did not have enough money to pay his fine to call him and he would send his bookkeeper over and pay the fine.

Appellant testified that he entered the plea of guilty upon the basis of his conversation with his employer in which he understood that upon entering such plea he would receive punishment of a fine. On cross-examination, appellant admitted that no one made any promises to him if he would plead guilty and no one told him if he would enter such a plea he would not receive jail time.

Deputy sheriff Ray Anderson testified that he was the officer who placed appellant in jail, and denied that he talked to appellant's employer, Burnell. He further stated that he made no promises to appellant or to anyone else that if appellant would enter a plea of guilty he would not receive jail time.

Sheriff Louis Watson testified that he and highway patrolman Everette Hewett arrested appellant and brought him to the sheriff's office and that he did not talk to appellant's employer over the telephone.

Patrolman Hewett testified that he was present when appellant made the telephone call but he did not observe anyone else talk.

Under the record, the court did not abuse his discretion in overruling the motion for new trial. Berry v. State, 159 Tex.Cr.R. 492, 265 S.W.2d 86; Townsel v. State, 162 Tex.Cr.R. 221, 283 S.W.2d 944.

 The contention is also urged by appellant that the punishment assessed is excessive. Where, as in the present case, the punishment is within the statutory limits, it is not within the province of this court to pass upon the propriety of the same. McGruder v. State, Tex.Cr.App., 377 S.W.2d 191.

The judgment is affirmed.

Opinion approved by the court.