Ronald Dale DARDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41453.

Court of Criminal Appeals of Texas.

July 24, 1968.

Paul B. Underkofler, Jr., Dallas, court appointed, for appellant.

Henry Wade, Dist. Atty., Curtis D. Glover, Douglas D. Mulder, Kerry P. FitzGerald, Malcolm Dade, Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 99 years confinement in the Texas Department of Corrections.

Appellant entered a plea of guilty before a jury and the trial was conducted under the provisions of Article 26.14, Vernon's Ann.C.C.P. No motion for probation was filed.

The evidence reflects that Ernest Phelps, Jr., manager of the Seven-Eleven Ice House in Grand Prairie, Texas, was robbed at gunpoint of $136.00 by the appellant on November 28, 1965, at approximately 9:30 p. m. On December 4, 1965, appellant was apprehended while in the process of an armed robbery at Wyatt's Food Store in Waxahachie, Texas. His written confession of the robbery alleged in the indictment of the Seven-Eleven Ice House in Dallas County, Texas was admitted without objection.

While not challenging the sufficiency of the evidence to sustain the conviction, appellant, in his first ground of error, contends the trial court erred in refusing to allow him and his wife to testify on direct examination as to his motive in committing the offense charged, his financial and social background, his expression of remorse and contrition.

We do not find that appellant's wife was interrogated concerning his motive. She did relate that she had been married to appellant for four years and had two sons, ages 3 and fifteen months. The court sustained the objection to the question that she "tell the jury something about the financial status" of her family. Nevertheless, she subsequently testified that because of her financial condition the two children were living with her mother-in-law. When the court sustained another objection to "this line of testimony" the witness was passed for cross-examination and no exception was taken to the court's action.

Testifying in his own behalf, appellant related he was 27 years old and had an eighth grade education. He listed some of his previous places of employment, including his job with the Grand Prairie Water Department at the time of the robbery in question. He was not permitted to testify as to his motive in committing the robbery, but did relate that he had made a written confession because he did not "want to live a lie" and wanted to get "forgiveness from God."

It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Grounds v. State, 140 Tex.Cr.R. 209, 144 S.W.2d 276; Hawkins v. State, 158 Tex.Cr.R. 406, 255 S.W.2d 875; Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Aills v. State, 114 Tex.Cr.R. 345, 24 S.W.2d 1097; Crumbley v. State, 103 Tex.Cr.R. 391, 280 S.W. 1064.

Where the guilty plea is before the jury, the presumption of innocence does not obtain under the plea and there is no issue of justification under it. Stulli-

**496**

van v. State, 47 Tex.Cr.R. 615, 85 S.W. 810; Garcia v. State, 91 Tex.Cr.R. 9, 237 S.W. 279. See also Jackson v. State, 155 Tex.Cr.R. 466, 236 S.W.2d 623. Where such plea is before a jury, the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. Alexander v. State, 69 Tex.Cr.R. 23, 152 S.W. 436. It is observed that appellant made no effort to withdraw his guilty plea.

 While a jury is entitled to information which will fairly tend to enlighten them in their discretion in imposing punishment, testimony by an accused is subject to the general rules as to necessary relevancy. See 22A C.J.S. Criminal Law § 600, p. 394. It may or should be excluded when it has no bearing on the matters in issue. Gomez v. State, 145 Tex.Cr.R. 168, 166 S.W.2d 699; Moore v. State, 142 Tex. Cr.R. 99, 151 S.W.2d 595.

The answer sought to be elicited by the question relating to motive is not in the record before us and cannot be properly appraised. If the answer sought had been self-serving, it would have been properly excluded. Johnson v. State, 165 Tex. Cr.R. 468, 308 S.W.2d 869; 22A C.J.S. Criminal Law § 737. Evidence tending to show the reason why an accused committed an unlawful act is properly excluded as being irrelevant and immaterial. People v. Temple, 102 Cal.App.2d 270, 227 P.2d 500.

Further, we find no error in the trial court's exclusion of the amount of appellant's wages at the time of his arrest. See Clay v. State, 41 Tex.Cr.R. 653, 56 S. W. 629. Ground of error #1 is overruled.

We reject appellant's ground of error #2 that the punishment assessed is excessive in view of the evidence, particularly in light of his cooperation and extrajudicial confession. If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment. Lewallen v. State, 166 Tex.Cr.R. 287, 313 S.W.2d 293; Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606; Lambright v. State, 167 Tex.Cr.R. 96, 318 S.W.2d 653; Lambright v. State, Tex.Cr.App., 318 S.W.2d 654; McGruder v. State, Tex.Cr.App., 377 S.W.2d 191; Gonzales v. State, Tex.Cr. App., 386 S.W.2d 139.

The judgment is affirmed.