Affirmed and Memorandum Opinion filed June 3, 2004









Affirmed and Memorandum Opinion filed June 3, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01218-CR

____________

 

CHAD ASHLEY
BEVERLY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
400th District Court

Fort Bend
County, Texas

Trial Court Cause No.
37,223

 



 

M E M O R A N D U M   O
P I N I O N

Appellant pleaded guilty to aggravated robbery and pleaded
true to use of a deadly weapon.  After
trial to the jury on punishment, the trial court sentenced appellant to
confinement for thirty-five years in the Institutional Division of the Texas
Department of Criminal Justice on October 13, 2003.  Appellant filed a written notice of
appeal.  








Appellant=s appointed counsel filed a brief in which the attorney
concludes the appeal is wholly frivolous and without merit.  The brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced.  See High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record, and appellant filed a pro se response on
May 11, 2004.

In his response, appellant first complains that the trial
court=s failure to rule on appellant=s pro se motion for discovery and
inspection of evidence in a pretrial hearing forced appellant to plead
guilty.  The trial court was not required
to consider appellant=s pro se motion for discovery and inspection of
evidence.  At the time it was filed,
appellant was represented by appointed counsel. 
There is no right to hybrid representation.  See Scarbrough v. State, 777 S.W.2d 83,
92 (Tex.
Crim. App. 1989)
(allowance of hybrid representation is discretionary); McKinney v. State,
76 S.W.3d 463, 478 (Tex. App.CHouston [1st Dist.] 2002, no pet.).

Second, appellant challenges the sufficiency of the evidence
to support his conviction, claiming that his confession, offered by the State
during the punishment phase of trial, was not shown to be voluntary in a
hearing outside the presence of the jury. 
Appellant pleaded guilty in the jury=s presence to the offense delineated
in the indictment.  Outside the jury=s presence, the trial court asked appellant
whether he understood Athat by pleading guilty in front of the jury, that admits all
the facts of the charge against you?  In
other words, . . . just your guilty plea is sufficient evidence for you to be
found guilty?@ 
Appellant answered, AYes, Judge.@  In felony cases, a
guilty plea before the jury admits the existence of all necessary elements to
establish guilt.  Darden v. State,
430 S.W.2d 494, 495 (Tex. Crim. App. 1968). 
 A[I]n such cases, the introduction of
testimony by the State is to enable the jury to intelligently exercise the
discretion which the law vests in them touching the penalty to be assessed.@ 
Id.  There is thus no
question of the sufficiency of the evidence on appeal.  Ex parte Martin, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988).

 








 Third, appellant
complains that the trial court did not rule on motions he filed after his
conviction.  Appellant filed his
post-trial motions pro se, although he was represented by counsel.  Again, hybrid representation is not a right,
and the trial court did not err in disregarding appellant=s motions.  See McKinney v. State, 76 S.W.3d 463,
478 (Tex. App.CHouston [1st Dist.] 2002, no pet.)
(holding trial court was not required to address pro se motion for new trial
where appellant was represented by counsel). 

We agree the appeal is wholly frivolous and without
merit.  Further, we find no reversible
error in the record.  A further
discussion of the brief would add nothing to the jurisprudence of the State.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed June 3, 2004.

Panel consists of Justices Yates,
Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).