



## MEMORANDUM OPINION

No. 04-07-00882-CR

Maureen **HAMPTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-6015
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   December 10, 2008

AFFIRMED

After several alleged violations of the terms of her deferred adjudication, and a plea of true to one of the alleged violations, the trial court adjudicated Appellant Maureen Hampton's guilt and sentenced her to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice.  On appeal, Hampton contends that the trial court abused its discretion in adjudicating her guilt and sentencing her to eight years confinement.  We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On May 14, 2004, Hampton entered a plea of no contest to the charge of Aggravated Assault with a Deadly Weapon stemming from Hampton's vehicle striking Debra Garza, a girlfriend of Hampton's husband. The trial court deferred a finding of guilt and placed Hampton on ten years deferred adjudication community supervision. After several alleged violations, on August 28, 2007, the State filed a motion to adjudicate guilt. Two months later, Hampton entered a plea of true to the violation of condition No. 1, possession of marijuana, and the State abandoned the remaining allegations. The trial court adjudicated Hampton guilty of the offense of aggravated assault with a deadly weapon.

At the conclusion of the punishment hearing, the trial court noted Hampton's extensive criminal history and sentenced Hampton to eight years confinement and a fine of $2,500.00. After the trial court announced the sentence, Hampton asked the court to reconsider in light of a recent incident in which her son was left paralyzed after having his throat cut during a robbery. She pleaded that prison would "not do [her] any good for the marijuana charge" explaining that she had been attending classes. The trial court considered Hampton's request and then ordered that the sentence be executed as previously announced. This appeal followed.

## DEFERRED ADJUDICATION

The hearing on the State's motion to adjudicate was conducted after the June 15, 2007, effective date of the amendment to article 42.12 of the Texas Code of Criminal Procedure allowing an appeal from the determination to adjudicate. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2008) (reviewing decision to adjudicate guilt "in the same manner" as review of the revocation of community supervision). Therefore, former article 42.12 § 5(b), and its prohibition concerning appeals from the determination to proceed with the adjudication of guilt, do not apply. *Davis v. State*, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); *Hargesheimer*

*v. State*, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006). "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2008).

## A.    Standard of Review

Appellate review of a probation revocation is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Additionally, we view the evidence adduced at the revocation hearing in the light most favorable to the trial court's findings. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). The State bears the burden to prove, by a preponderance of the evidence, that appellant violated the conditions of her probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). An abuse of discretion requires that "the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

## B.    Adjudication of Guilt

To support a court's order to revoke deferred adjudication community supervision, the evidence need only show one violation of a defendant's terms of community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). A plea of true to even one allegation is sufficient to support a revocation of deferred adjudication community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21 (Vernon Supp. 2008); s*ee Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding plea of true to one allegation is sufficient to support revocation of probation); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.). Here, Hampton entered a plea of true to violating condition No. 1. That admission alone is

sufficient to support the trial court's judgment adjudicating her guilt. *Lewis*, 195 S.W.3d at 209. We, therefore, conclude that the trial court did not abuse its discretion in adjudicating Hampton's guilt.

## C. Sentencing

A trial court is given wide latitude to determine the appropriate sentence in a given case. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Where deferred adjudication probation is revoked, the trial court is not limited to imposing the original term recommended but may impose any term authorized by statute. *Von Schounmacher v. State,* 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). Generally, a sentence will not be disturbed as long as it is within the proper range of punishment. *Jackson*, 680 S.W.2d at 814. Aggravated assault is a second-degree felony with a punishment range of two to twenty years' imprisonment. TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2003) (range of confinement for second degree felony), *id*. § 22.02(b) (Vernon Supp. 2007) (aggravated assault with a deadly weapon is second degree felony). Moreover, when the "punishment [assessed] is within that prescribed by the statute, it is beyond the province of [an appellate c]ourt to pass upon the question of excessive punishment." *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968).

## CONCLUSION

The trial court's decision did not fall outside the zone of reasonable disagreement and Hampton's sentence is not excessive. *See Cantu,* 842 S.W.2d at 682. We, therefore, hold the trial court did not abuse its discretion and affirm the judgment of the trial court.

Rebecca Simmons, Justice

Do Not Publish

- 4 -