

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 2-08-146-CR**

DAMIAN RASHAD JUSTICE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Damian Rashad Justice appeals his sentence for aggravated robbery with a deadly weapon. We affirm.

At a sentencing hearing following appellant's open plea of guilty, appellant admitted that during a drug deal he put a pellet gun in the face of a

------------

[1] *See* Tex. R. App. P. 47.4.

Mr. Thomas Bell and that he subsequently committed a string of three vehicle burglaries in Euless, Texas.

In a single point on appeal, appellant contends that the trial court abused its discretion in sentencing him to six years' confinement instead of placing him on community supervision.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[2] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[3] An objection to a sentence is waived if it is not presented to the trial court.[4] Likewise, an objection to the term of punishment imposed by a trial court is waived if it is not objected to or otherwise raised at the trial court level.[5]

---

[2] Tex. R. App. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S. Ct. 1466 (1999).

[3] Tex. R. App. P. 33.1(a)(2); *Mendez v. State,* 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

[4] *See Curry v. State,* 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).

[5] *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Thompson v. State*, 243 S.W.3d 774, 775 (Tex. App.—Fort Worth 2007, pet.

Here, after the trial court declared its sentence, the judge asked appellant's counsel if there was any legal reason the sentence should not be pronounced, to which counsel replied, "There's not, Judge." Further, following sentencing, appellant did not file any motion or other objection regarding his sentence. Under these circumstances, appellant has waived any error associated with his sentencing.[6] Therefore, we overrule appellant's sole point.[7]

Having overruled appellant's only point, we affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2009

---

ref'd).

[6] *See Mercado,* 718 S.W.2d at 296.

[7] Even if appellant had preserved error, when the punishment assessed is within the range prescribed by statute, as it is here, it is generally not subject to challenge for excessiveness. *See Darden v. State,* 430 S.W.2d 494, 496 (Tex. Crim. App. 1968); *Dale v. State,* 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).

3