COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-361-CR

 

 

FRANCK STEPHEN GRIPPON                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In one point, Appellant Franck Stephen Grippon
asserts that the trial court abused its discretion by sentencing Grippon to ten
years=
confinement.  We affirm. 








                              II.  Factual and Procedural History

Grippon was indicted for the felony offense of
aggravated assault and subsequently pleaded guilty.[2]








During Grippon=s
punishment trial, the State introduced the offense report and recorded
interview Grippon gave to the police describing the circumstances surrounding
the offense.  In the recorded statement,
Grippon described how he and his co-defendant beat and kicked the victim until
he was unconscious.  Not long after the
assault, the victim walked by Grippon=s house;
Grippon saw him, ran at him, tackled him, and proceeded to beat the victim
until he was rendered unconscious a second time.  Grippon acknowledged that the victim never
attempted to fight back during these assaults. 
The parties stipulated that, due to the severe brain injuries caused by
the beating administered by Grippon and his co-defendant, the victim was
physically and mentally incapable of testifying at trial and would be in a
nursing home facility for the foreseeable future due to his inability to
provide himself with his most basic needs.

Grippon introduced several records pertaining to
his physical and mental health as an addendum to the presentence investigation
report (APSI@) on
file with the court, and he called his mother to testify about his financial,
emotional, mental, and physical welfare and status.  She testified that her son was trying to
qualify for SSI disability for a hip problem, had a history of bipolar disorder
and learning disabilities, was in treatment through Pecan Valley MHMR, was
taking Lithium for treatment of his bipolar disorder, and was doing better at
getting along with others since he started taking medication.  On cross examination she further testified
that Grippon was a drug addict[3]
and that he had had anger control problems his whole life.  Grippon=s
younger brother also testified that Grippon had not received treatment for
bipolar disorder until within the last year.

After hearing the evidence presented, the trial
court sentenced Grippon to ten years=
confinement.  The trial court denied
Grippon=s motion
for new trial, and this appeal followed. 








                                          III.  Punishment

Grippon argues that the trial court abused its
discretion by assessing a sentence of ten years, complaining A[i]t
appears the trial court abused its discretion by failing to take into account
[his] mental health problems when assessing punishment.@[4]








We review a trial judge=s
determination of the appropriate punishment in a given case for an abuse of
discretion.  Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984). 
An abuse of discretion occurs when a trial court=s
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).

Although Grippon concedes that the court of
criminal appeals has held that Athe allowable
discretion of the trial judge in assessing a term of years was limited only by
the maximum provided by law,@ citing Tamminen
v. State, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983), he nonetheless points
us to Jackson, wherein the court also stated: 

In our review of a trial
judge=s determination of the
appropriate punishment in any given case a great deal of discretion is allowed
the sentencing judge. . . .  It is also
the general rule that as long as a sentence is within the proper range of punishment
it will not be disturbed on appeal. 
However, in all of the cases dealing with review in this area there was
at least some evidence or facts available to the court and upon which the court
could have relied in assessing punishment.

 

680 S.W.2d at 814 (internal citations omitted).  He asserts that Jackson Aintimates
that a trial court judge may abuse its discretion in sentencing even if his
punishment determination falls within the range of punishment prescribed for a
particular offense,@ and that this occurred here.

The State responds by pointing to the court=s
more-recent holding in Ex parte Chavez, 








[W]e have described the
sentencer=s discretion to impose
any punishment within the prescribed range to be essentially Aunfettered.@  Subject only to a very limited, Aexceedingly rare,@ and somewhat amorphous
Eighth Amendment gross-disproportionality review, a punishment that falls
within the legislatively prescribed range, and that is based upon the sentencer=s informed normative
judgment, is unassailable on appeal.

 

213 S.W.3d 320, 323B24 (Tex.
Crim. App. 2006); see also Darden v. State, 430 S.W.2d 494, 496 (Tex.
Crim. App. 1968) (AIf the punishment is within that
prescribed by the statute, it is beyond the province of this Court to pass upon
the question of excessive punishment.@).








Grippon was convicted of aggravated assault, a
second degree felony, which has a punishment range of two to twenty years and
may include a fine not to exceed $10,000. 
See Tex. Penal Code Ann. ' 12.33
(Vernon 2003), ' 22.02(a)(1), (b) (Vernon
Supp. 2008).  He does not direct this
court to any evidence or additional reasoning to support his claim that the
trial court failed to take into account evidence of his alleged mental health
problems in sentencing him to ten years=
confinement and no fine.  Indeed, while
his co-defendant was sentenced to eight years in connection with the original
attack on the victim, Grippon=s second
attack on the victim resulted in an addition of only two years beyond what his
co-defendant received.  And even if Jackson
can be read to yield Grippon=s
interpretation, it cannot be said that the trial court abused its discretion
here when sentencing him within the permissible sentencing range, given this
case=s brutal
facts and circumstances.  We overrule
Grippon=s sole
issue.

                                          IV.  Conclusion

Having overruled Grippon=s sole
issue, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  MCCOY, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 6, 2009











[1]See Tex. R. App. P. 47.4.





[2]Although the judgment
recites terms of a plea bargain as ATEN (10) years Institutional Division, TDCJ, with
credit as reflected on Judgment,@ the written plea admonishments do not reflect
that there was a plea bargain, nor does the trial court=s certification of
Grippon=s right to appeal, which
states that the case Ais not a plea-bargain
case, and the defendant has the right to appeal as to punishment.@ [Emphasis added.]  The trial judge wrote in Aas to punishment.@  Neither party=s brief alleges a plea
bargain.  To the contrary, Grippon states
in his brief that he pleaded not guilty. 
The State indicates in its brief that Grippon pleaded guilty and that
there was no plea bargain agreement.





[3]Grippon=s mother testified that
he used marijuana up until right before the PSI in this case and also that he
used methamphetamine, cocaine, and alcohol on a regular basis.





[4]In his motion for new
trial and in arrest of judgment, Grippon complained that judgment should be
arrested or that he should be granted a new trial because the sentence was
excessive and the judgment and sentence were contrary to law and the
evidence.  Although the State argues that
Grippon failed to preserve his point for appeal because he never raised these
objections in the trial court, the State does not address Grippon=s motion for new trial,
which was both timely filed and ruled upon by the trial court.  See Tex. R. App. P. 33.1(a); cf.
Kim v. State, 283 S.W.3d 473, 475 (Tex. App.CFort Worth 2009, pet.
filed) (holding that appellant forfeited his disproportionate sentence
complaint when he failed to raise it at the time the sentence was imposed or
in a motion for new trial); Justice v. State, No. 02-08-00146-CR, 2009
WL 160917, at *1 (Tex. App.CFort Worth Jan. 22, 2009, no pet.) (mem. op., not
designated for publication) (holding that appellant forfeited complaint that
trial court abused its discretion by sentencing him to six years= confinement for
aggravated robbery instead of giving him community supervision when no
objection to the sentence was made at the time the sentence was imposed and,
following sentencing, appellant did not file any motion or other objection
regarding his sentence).