

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-361-CR

FRANCK STEPHEN GRIPPON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one point, Appellant Franck Stephen Grippon asserts that the trial court abused its discretion by sentencing Grippon to ten years' confinement. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Grippon was indicted for the felony offense of aggravated assault and subsequently pleaded guilty.[2]

During Grippon's punishment trial, the State introduced the offense report and recorded interview Grippon gave to the police describing the circumstances surrounding the offense. In the recorded statement, Grippon described how he and his co-defendant beat and kicked the victim until he was unconscious. Not long after the assault, the victim walked by Grippon's house; Grippon saw him, ran at him, tackled him, and proceeded to beat the victim until he was rendered unconscious a second time. Grippon acknowledged that the victim never attempted to fight back during these assaults. The parties stipulated that, due to the severe brain injuries caused by the beating administered by Grippon and his co-defendant, the victim was physically and mentally incapable of testifying

---

[2] Although the judgment recites terms of a plea bargain as "TEN (10) years Institutional Division, TDCJ, with credit as reflected on Judgment," the written plea admonishments do not reflect that there was a plea bargain, nor does the trial court's certification of Grippon's right to appeal, which states that the case "is not a plea-bargain case, and the defendant has the right to appeal *as to punishment*." [Emphasis added.] The trial judge wrote in "as to punishment." Neither party's brief alleges a plea bargain. To the contrary, Grippon states in his brief that he pleaded not guilty. The State indicates in its brief that Grippon pleaded guilty and that there was no plea bargain agreement.

at trial and would be in a nursing home facility for the foreseeable future due to his inability to provide himself with his most basic needs.

Grippon introduced several records pertaining to his physical and mental health as an addendum to the presentence investigation report ("PSI") on file with the court, and he called his mother to testify about his financial, emotional, mental, and physical welfare and status. She testified that her son was trying to qualify for SSI disability for a hip problem, had a history of bipolar disorder and learning disabilities, was in treatment through Pecan Valley MHMR, was taking Lithium for treatment of his bipolar disorder, and was doing better at getting along with others since he started taking medication. On cross examination she further testified that Grippon was a drug addict[3] and that he had had anger control problems his whole life. Grippon's younger brother also testified that Grippon had not received treatment for bipolar disorder until within the last year.

After hearing the evidence presented, the trial court sentenced Grippon to ten years' confinement. The trial court denied Grippon's motion for new trial, and this appeal followed.

---

[3] Grippon's mother testified that he used marijuana up until right before the PSI in this case and also that he used methamphetamine, cocaine, and alcohol on a regular basis.

### III. Punishment

Grippon argues that the trial court abused its discretion by assessing a sentence of ten years, complaining "[i]t appears the trial court abused its discretion by failing to take into account [his] mental health problems when assessing punishment."[4]

We review a trial judge's determination of the appropriate punishment in a given case for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside that zone within which reasonable

---

[4] In his motion for new trial and in arrest of judgment, Grippon complained that judgment should be arrested or that he should be granted a new trial because the sentence was excessive and the judgment and sentence were contrary to law and the evidence. Although the State argues that Grippon failed to preserve his point for appeal because he never raised these objections in the trial court, the State does not address Grippon's motion for new trial, which was both timely filed and ruled upon by the trial court. *See* Tex. R. App. P. 33.1(a); *cf. Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. filed) (holding that appellant forfeited his disproportionate sentence complaint when he failed to raise it at the time the sentence was imposed *or* in a motion for new trial); *Justice v. State*, No. 02-08-00146-CR, 2009 WL 160917, at *1 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op., not designated for publication) (holding that appellant forfeited complaint that trial court abused its discretion by sentencing him to six years' confinement for aggravated robbery instead of giving him community supervision when no objection to the sentence was made at the time the sentence was imposed and, following sentencing, appellant did not file any motion or other objection regarding his sentence).

persons might disagree. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

Although Grippon concedes that the court of criminal appeals has held that "the allowable discretion of the trial judge in assessing a term of years was limited only by the maximum provided by law," citing *Tamminen v. State*, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983), he nonetheless points us to *Jackson*, wherein the court also stated:

> In our review of a trial judge's determination of the appropriate punishment in any given case a great deal of discretion is allowed the sentencing judge. . . . It is also the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal. However, in all of the cases dealing with review in this area there was at least some evidence or facts available to the court and upon which the court could have relied in assessing punishment.

680 S.W.2d at 814 (internal citations omitted). He asserts that *Jackson* "intimates that a trial court judge may abuse its discretion in sentencing even if his punishment determination falls within the range of punishment prescribed for a particular offense," and that this occurred here.

The State responds by pointing to the court's more-recent holding in *Ex parte Chavez*,

> [W]e have described the sentencer's discretion to impose any punishment within the prescribed range to be essentially "unfettered." Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-

5

disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.

213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *see also Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968) ("If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment.").

Grippon was convicted of aggravated assault, a second degree felony, which has a punishment range of two to twenty years and may include a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.33 (Vernon 2003), § 22.02(a)(1), (b) (Vernon Supp. 2008). He does not direct this court to any evidence or additional reasoning to support his claim that the trial court failed to take into account evidence of his alleged mental health problems in sentencing him to ten years' confinement and no fine. Indeed, while his co-defendant was sentenced to eight years in connection with the original attack on the victim, Grippon's second attack on the victim resulted in an addition of only two years beyond what his co-defendant received. And even if *Jackson* can be read to yield Grippon's interpretation, it cannot be said that the trial court abused its discretion here when sentencing him within the permissible

sentencing range, given this case's brutal facts and circumstances. We overrule Grippon's sole issue.

## IV.  Conclusion

Having overruled Grippon's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 6, 2009