

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00351-CR
_____

JORDAN BURRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-407504; Honorable William R. Eichman II, Presiding

May 9, 2019

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

In 2016, pursuant to an open plea of guilty, Appellant, Jordan Burrell, was convicted of aggravated robbery, a first degree felony,[1] and was sentenced to thirty-eight years confinement with an affirmative finding on use of a deadly weapon. On appeal, this court reversed his conviction and remanded the cause to the trial court for further

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011).

proceedings based on a violation of his due process rights when the trial judge of the 140th District Court of Lubbock County refused to consider the full range of punishment.[2] Appellant moved to recuse the trial judge, which the judge declined to do. Instead, Appellant's case was transferred to the 364th District Court of Lubbock County.

On a new open plea of guilty to aggravated robbery before a different judge, Appellant was again convicted and this time was sentenced to fifty years confinement with an affirmative finding on use of a deadly weapon. By a single issue, he contends the fifty-year sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and article 1.09 of the Texas Code of Criminal Procedure. We affirm.

### BACKGROUND

Early in the morning on September 10, 2015, the victim, a man in his sixties, was beside his truck outside his shop when he was approached by Appellant. While under the influence of drugs, Appellant demanded money from him and severely beat him with a metal pipe causing injuries to his head and arms which left him with scars. Appellant took the victim's credit cards, social security card, and other identification-type cards without his consent. At the time, Appellant was nineteen years old.

On retrial of his case, Appellant again entered an open plea of guilty, waived his right to a jury trial, and elected to have the trial court assess his punishment. During the punishment hearing, Appellant chose not to testify. The State presented numerous

---

[2] *Burrell v. State*, No. 07-16-00429-CR, 2017 Tex. App. LEXIS 4467, at *3 (Tex. App.—Amarillo May 16, 2017, no pet.) (mem. op., not designated for publication).

2

witnesses, including the victim, and also offered several recordings of Appellant engaged in phone conversations with family members and friends while he was incarcerated. In some of those telephone calls, Appellant expresses outrage and makes damaging statements that he should have killed the victim or shoved the "pole" through the victim's head. He expressed no remorse in those conversations. In fact, in his conversation with friends, he made thoughtless statements about the victim and made light of his predicament.

During his testimony, the victim described the injuries and scars inflicted by Appellant. Years later, the victim had not regained full mobility of his right arm and experienced pain when trying to raise that arm. The injuries he sustained prevented him from doing the work he had done before the attack.

During the trial court's pronouncement of sentence, numerous references were made to the recorded telephone calls, Appellant's lack of remorse, and his attitude. The trial court then assessed the fifty-year sentence.

By his sole issue, Appellant contends his sentence is grossly disproportionate to the offense and constitutes cruel and unusual punishment. He maintains there were mitigating reasons for his conduct such as being under the influence of drugs. He also argues that the severity of his sentence is not justified given that the victim was released from the hospital on the same day the offense occurred and that the State did not introduce the victim's medical records to show the extent of the victim's injuries. For the reasons discussed below, we overrule his issue.

**APPLICABLE LAW**

The Eighth Amendment prohibits excessive bail or fines as well as cruel and unusual punishment. U.S. CONST. amend. VIII. This provision is applicable to the states through the Fourteenth Amendment. *Furman v. Georgia*, 408 U.S. 238, 239 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1972). Article 1.09 of the Code of Criminal Procedure prohibits imposition of cruel and unusual punishment. TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005).

A complaint that punishment is cruel and unusual must be preserved for review. *Sharp v. State*, No. 07-17-00128-CR, 2017 Tex. App. LEXIS 11295, at *2 (Tex. App.—Amarillo Dec. 5, 2017, no pet.) (mem. op., not designated for publication). Constitutional rights, including the right to be free from cruel and unusual punishment, may be defaulted by failure to object. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. Crim. App. 2003). To avoid procedural default on appeal on a punishment issue, a defendant must complain of the sentence by objection during trial or, if there was no opportunity to object, in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1). *See also Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). The requirement that an objection be raised in the trial court assumes that the defendant had the opportunity to raise it there. *Hardeman*, 1 S.W.3d at 690.

**ANALYSIS**

When the trial court began its oral pronouncement of sentence, no inquiry was made on whether there was any reason why sentence should not be pronounced. After announcing the fifty-year sentence, the trial court castigated Appellant about his attitude and wished him luck, after which the proceedings were adjourned. Arguably, there was

4

no opportunity for Appellant to lodge an objection to pronouncement of sentence. His next opportunity to complain about his sentence was via a motion for new trial; however, he did not file a motion for new trial.[3] Appellant's failure to complain about his sentence waives any argument he may have had on appeal. Notwithstanding the fact that we choose to dispose of this matter based on a finding of waiver, an analysis based on the merits would not have resulted in a different conclusion. Appellant's sole issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3] The sentence imposed was within the applicable range of punishment for the offense, and Texas courts have traditionally held that, so long as the punishment imposed is within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See Stacks v. State*, No. 07-15-00336-CR, 2017 Tex. App. LEXIS 7690, at *15 (Tex. App.—Amarillo Aug. 14, 2017, pet. ref'd) (mem. op., not designated for publication). *See, e.g.*, *Darden v. State,* 430 S.W.2d 494, 496 (Tex. Crim. App. 1968). *See also Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd).