**Daniel Neal QUALLS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44285.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Rehearing Denied Jan. 18, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of robbery by assault with punishment assessed by the jury at 85 years.

The record reflects that complaining witness, Kenneth Lee Gumpert, testified that on March 28, 1970, while acting in his employment as a taxicab driver, he picked up appellant at a night club on Samuels Street in Dallas; that enroute to an address in Mesquite which appellant had given him, the appellant placed a knife on his throat and said, "You know what I want"; that he gave appellant the money he had, fifty-five dollars, and that appellant continued holding the knife on him and threatening him until he got out of the cab sometime later. Appellant testified that he had an argument with Gumpert over an address to which he was going and he pulled a knife on Gumpert who voluntarily gave him his money.

The appellant first complains of the trial court's failure to submit a charge to the jury on the specific intent of appellant to rob at the time appellant pulled a knife on the complaining witness. Complaint concerning the charge was not made until appellant's brief was filed in the trial court. No written objection or special requested charge was filed in accordance with Articles 36.14 and 36.15, Vernon's Ann.C.C.P., and nothing, therefore, is presented for review. Spencer v. State, Tex.Cr.App., 466 S.W.2d 749; Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Burleson v. State, Tex.Cr.App., 449 S.W.2d 252.

The appellant complains of the State leading its witnesses. We have examined the record and find that each time the appellant objected on this ground, the trial court sustained the objection and instructed the State not to lead the witness. We perceive no error.

Appellant contends the punishment was excessive, cruel, and unusual. Art. 1408, Vernon's Ann.P.C., provides punishment for life, or for a term of not less than five years. If the punishment is within that prescribed by statute, it is beyond the province of this court to pass upon the question of excessive punishment.

Sills v. State, Tex.Cr.App., 472 S.W.2d 119 (1971); Darden v. State, Tex.Cr.App., 430 S.W.2d 494; Lambright v. State, 167 Tex. Cr.R. 96, 318 S.W.2d 653.

The judgment is affirmed.

Opinion approved by the Court.