Charles Bacy, Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-362-CR
No. 10-97-363-CR
No. 10-97-364-CR

     CHARLES BACY, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 371st District Court
Tarrant County, Texas
Trial Court Nos. 0627740A, 0632747A & 0632751A
                                                                                                                

O P I N I O N
                                                                                                                

      Cause No. 10-97-362-CR (Trial Court No. 0627740A) is an appeal by Appellant Bacy of
his conviction for engaging in organized crime–burglary of a habitation, for which he was
sentenced to 50 years in the Texas Department of Criminal Justice—Institutional Division
(TDCJ-ID).
      Cause No. 10-97-363-CR (Trial Court No. 0632747A) is an appeal of his conviction for
aggravated kidnaping, for which he was sentenced to 50 years in TDCJ-ID.
      Cause No. 10-97-364-CR (Trial Court No. 0632751A) is an appeal by Appellant Bacy of
his conviction for aggravated robbery, for which he was sentenced to 60 years in TDCJ-ID.
      Appellant pled guilty in all three cases on August 26, 1997. It was an open plea. There
was no plea bargain. The trial court ordered a pre-trial investigation and set the punishment
hearing for October 3, 1997, at which time the trial court sentenced Appellant to 50 years in
the burglary case; 50 years in the aggravated kidnaping case; and 60 years in the aggravated
robbery case.
      There is one reporter's record and the briefs are identical in each case.
      Appellant appeals in each case on one identical point of error: "The trial court's
punishment of Appellant constituted cruel or unusual punishment in violation of the Texas
Constitution."
      The range of punishment in each case is the same: Not less than 5 years or more than 99
years or life in TDCJ-ID and a fine not to exceed $10,000.
      At the punishment hearing there was evidence that Appellant grew up with very little adult
supervision. His mother was deceased, his father was a drug addict, and his sister, five years
older than Appellant, was his primary caretaker. Appellant, who is 18 years old, has a child
born while he has been incarcerated. Appellant has completed his GED and claims he has
found the Lord since his incarceration. He testified that he is sorry for his misdeeds and that
his stay in custody has given him a whole new look at life and shown him that this is not where
he wants to be for the rest of his life.
      Appellant's sole complaint is that the punishment assessed is cruel and unusual in violation
of the Texas Constitution. If the punishment assessed is within the range provided by statute,
it is not cruel or unusual under the Texas Constitution. Lambright v. State, 318 S.W.2d 653
(Tex. Crim. Ap. 1958); McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); Puga
v. State, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.); Kirk v. State, 949
S.W.2d 769, 772 (Tex. App.—Dallas 1997, no pet.).
      Appellant's punishment in all three cases was within the range of punishment proscribed
by the Legislature for each offense. Thus no error is shown.
      Appellant's point is overruled in each case. The judgment in each case is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 9, 1998
Do not publish