Opinion issued August 25, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00212-CR

01-10-00213-CR

———————————

Andrew Duran, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 10th District Court

Galveston County, Texas



Trial Court Case Nos. 09CR1136 & 09CR1137

 



 

O P I N I O N

          A
jury convicted appellant Andrew Duran of the second-degree felony offense of
indecency with a child (trial court case number 09CR1136; appellate court case
number 01-10-00212-CR), see Tex. Penal Code Ann. § 21.11(a)(1), (d)
(West 2011), and of the first-degree felony offense of aggravated sexual
assault of a child (trial court case number 09CR1137; appellate court case
number 01-10-00213-CR), see id. §
22.021(a)(1)(B)(ii), (a)(2)(B), (e). 
Each conviction was enhanced with an allegation that Duran was
previously convicted of the felony offense of indecency with a child.  Duran pleaded true to the enhancement
allegations, and the trial court assessed punishment at life in prison.  See id.
§ 12.42(c)(2)(A)(i), (B)(ii) (providing automatic life sentence for
defendant convicted of indecency with child or aggravated sexual assault of
child if previously convicted of indecency with child).

          On
appeal, Duran brings six issues challenging the constitutionality of his sentence
under the United States Constitution’s prohibition of cruel and unusual
punishments and under sections 10 and 13 of the Texas Bill of Rights.  U.S.
Const. amend. VIII; Tex. Const.
art. I, §§ 10, 13.  Duran contends
that the statute providing for a mandatory life sentence is unconstitutional
because it does not allow for the consideration of mitigating evidence and
because it effectively deprived him of the right to a jury trial.  We affirm.

Analysis

I.                 
Consideration of mitigating factors

a.    
Federal constitutional argument

The Eighth Amendment prohibits the
infliction of “cruel and unusual punishments,” and this constitutional
prohibition has been held to apply to the states by application of the Due
Process Clause of the Fourteenth Amendment. 
See U.S. Const. amends. VIII, XIV; Robinson v. California, 370 U.S. 660, 675, 82 S. Ct. 1417, 1425
(1962).  In his first and second issues,
Duran contends that the imposition of a mandatory life sentence for his
convictions violates the Eighth Amendment because it precludes the
consideration of mitigating evidence.  He
does not contest the excessiveness or proportionality of his own sentence other
than to the extent he challenges the constitutionality of all
mandatory-sentencing statutes.

In Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680 (1991), the
United States Supreme Court overruled an Eighth Amendment objection to a
mandatory life-without-parole sentence. 
The petitioner argued that his sentence was cruel and unusual because
the mandatory sentence was disproportionate to the crime for which he was
convicted (possession of more than 650 grams of cocaine), and because the judge
was statutorily required to impose his sentence and could not consider any
mitigating factors.  See 501 U.S. at 961–62, 111 S. Ct. at 2683–2684.  Announcing the opinion of the Court, Justice
Scalia wrote:

[Petitioner]
argues that it is “cruel and unusual” to impose a mandatory sentence of such
severity, without any consideration of so-called mitigating factors such as, in
his case, the fact that he had no prior felony convictions. . . .  

 

. . . [T]his claim has no
support in the text and history of the Eighth Amendment.  Severe, mandatory penalties may be cruel, but
they are not unusual in the constitutional sense, having been employed in
various forms throughout our Nation’s history. . . .  There can be no serious contention, then,
that a sentence which is not otherwise cruel and unusual becomes so simply
because it is “mandatory.”

 

Id. at 994–95,
111 S. Ct. at 2701.  Similarly, Justice
Kennedy wrote in his concurring opinion:

Petitioner would have us
hold that any severe penalty scheme requires individualized sentencing so that
a judicial official may consider mitigating circumstances.  Our precedents do not support this
proposition, and petitioner presents no convincing reason to fashion an
exception or adopt a new rule in the case before us. . . .  

 

. . . It is beyond question
that the legislature “has the power to define criminal punishments without
giving the courts any sentencing discretion[.]”

 

Id. at 1006,
111 S. Ct. at 2707–08 (Kennedy, J., concurring in part and concurring judgment)
(quoting Chapman v. United States,
500 U.S. 453, 467, 111 S. Ct. 1919, 1928 (1991)).

Duran argues that Harmelin’s holding “cannot be squared
with” the Supreme Court’s more recent opinion in Graham v. Florida, 130 S. Ct. 2011 (2010).  The Graham
holding does not directly control Duran’s appeal because the petitioner in that
case was not sentenced under a
mandatory sentencing scheme, and he had the opportunity to introduce mitigating
evidence.  Graham, 130 S. Ct. at 2018–19. 
Nevertheless, Duran construes Graham
to instruct that mitigating factors now must be considered as part of the
“judicial exercise of independent judgment” in applying the Eighth Amendment,
which he contends requires all courts to consider “the culpability of the
offenders at issue in light of their crimes and characteristics, along with the
severity of the punishment in question.” 
Id. at 2026.  Duran characterizes this language in Graham as “call[ing] for a
reconsideration of the law,” and he argues that the rule requiring
consideration of mitigating circumstances in the death-penalty context should
be extended to this case.  We reject this
argument.

In Graham, the petitioner challenged the constitutionality of
mandatory life-without-parole sentences for juvenile offenders in nonhomicide
cases.  Id. at 2017–18.  With respect
to proportionality challenges under the Eighth Amendment,[1] Graham observed that the relevant authorities “fall within two
general classifications”: those challenging “the length of term-of-years
sentences given all the circumstances in a particular case” and those in which
“certain categorical restrictions” have been employed to implement the
proportionality standard.  Id. at 2021.  Duran’s challenge is of the categorical
variety because he contends that the mandatory sentence is unconstitutional for
the reason that it precludes consideration of mitigating circumstances.[2]  

In cases adopting categorical
Eighth Amendment sentencing rules, the Supreme Court has considered “‘objective
indicia of society’s standards, as expressed in legislative enactments and
state practice’ to determine whether there is a national consensus against the
sentencing practice at issue.”  Id. (quoting Roper v. Simmons, 543 U.S. 551, 563, 125 S. Ct. 1183, 1191 (2005)).
 “Next, guided by ‘the standards
elaborated by controlling precedents and by the Court’s own understanding and
interpretation of the Eighth Amendment’s text, history, meaning, and purpose,’”
id. (quoting Kennedy v. Louisiana, 554 U.S. 407, 421, 128 S. Ct. 2641, 2650, modified on denial of reh’g, 129 S. Ct.
1 (2008)), the Court determines “in the exercise of its own independent
judgment whether the punishment in question violates the Constitution.”  Id.
(citing Roper, 543 U.S. at 572, 125
S. Ct. at 1196–97).  It was in the context
of this second step of the categorical analysis of a particular sentencing
practice that the Graham Court
observed that “[t]he judicial exercise of independent judgment requires
consideration of the culpability of the offenders at issue in light of their
crimes and characteristics, along with the severity of the punishment in
question.”  Id. at 2026 (citing Roper,
543 U.S. at 572, 125 S. Ct. 1196–97; Kennedy,
554 U.S. at 436–37, 128 S. Ct. at 2659–60). 
Graham’s reference to the
“culpability of the offenders” was not an indication that mitigating
circumstances relating to the culpability of each individual defendant must be
considered in sentencing; it was, instead, an acknowledgement that certain
punishments may be categorically classified as disproportionate when applied to
certain classes of offenders who are relatively less culpable than other offenders,
such as juveniles, the intellectually disabled, or defendants who did not kill
or intend to kill.  Id. at 2026–30.

Duran was not a juvenile when he
committed the charged offenses, so Graham
does not apply to him.  He offers no
argument that he is part of a category of defendants who, like the juvenile
offenders at issue in Graham, should
never be subject to a sentence of life without parole for a nonhomicide
offense.  Accordingly, Harmelin controls the outcome of Duran’s
appeal.  Under Harmelin, we conclude that the Eighth Amendment is not violated by
the unavailability of any procedural mechanism to allow the court or jury to
consider mitigating factors under the mandatory sentencing scheme contained
within the Texas Penal Code’s habitual offender statute.  See
Harmelin, 501 U.S. at 994–95, 111 S.
Ct. at 2701; accord Wilkerson v. State, No. 14-09-00025-CR,
2011 WL 1643567, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2011, no pet.) (Graham “turned strictly upon the
application of the Eighth Amendment’s narrow proportionality principle, not the
right to produce evidence of mitigating circumstances”).

b.    State constitutional argument

In his third and fourth issues,
Duran argues that a mandatory sentencing statute violates Section 13 of the
Texas Bill of Rights, which provides: “Excessive bail shall not be required,
nor excessive fines imposed, nor cruel or unusual punishment inflicted.”  Tex.
Const. art. I, § 13.  This
language is nearly identical to the Cruel and Unusual Punishments Clause of the
Eighth Amendment, with one variation.  The
Texas Constitution states its prohibition disjunctively—“cruel or unusual”
punishments—instead of the Eighth Amendment’s conjunctive formulation—“cruel
and unusual.”

Apart from the text itself, Duran
offers no authority to support his argument that the state and federal
constitutional provisions are not coextensive because of the substantively
different meanings of “and” and “or.”  The
Court of Criminal Appeals has rejected the contention that the distinction
permits the Texas provision to be interpreted more expansively than the Eighth
Amendment with respect to the constitutionality of capital punishment.  See
Cantu v. State, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997); Anderson v. State, 932 S.W.2d 502, 509
(Tex. Crim. App. 1996) (holding that capital punishment is neither cruel nor
unusual for purposes of Texas Constitution). 
While Duran argues based on text that a punishment may be prohibited in
Texas solely because it is “cruel” or solely because it is “unusual,” he does
not argue that these terms have unique meanings under the state constitution;
accordingly, we will not assume that those terms mean something different in
the Texas Constitution from their meaning in the Eighth Amendment.  See Muniz
v. State, 851 S.W.2d 238, 251–52 (Tex. Crim. App. 1993); Heitman v. State, 815 S.W.2d 681, 690 n.23
(Tex. Crim. App. 1991).

Duran’s arguments are inconsistent
with controlling authorities applying the Texas constitutional prohibition of
cruel or unusual punishment.  For
example, in Lambright v. State, 318
S.W.2d 653 (Tex. Crim. App. 1958), the sole issue before the Court of Criminal
Appeals was whether punishments of 40- and 99-year prison terms for the offense
of robbery by assault violated the Texas Constitution’s prohibition of “cruel
or unusual” punishments.  See 318 S.W.2d at 653.  The Court affirmed the constitutionality of
the punishments under the Texas Constitution because “[t]he extent of the
punishment to be assessed so long as it is within the statute rests solely with
the judge or jury trying the case.”  Id. 
Because “[t]he punishment assessed was within the limits authorized by
law,” the Court found no violation of the Texas Constitution “in the extent of
the punishment assessed.”  Id. 
Consistent with Lambright, Texas
courts have routinely held that punishment that falls within the limits
prescribed by a valid statute is not excessive, cruel, or unusual.  See,
e.g., Samuel v. State, 477 S.W.2d
611, 614 (Tex. Crim. App. 1972) (“where the punishment assessed by the judge or
jury was within the limits prescribed by the statute the punishment is not
cruel and unusual within the constitutional prohibition”); Ajisebutu v. State, 236
S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (“Generally, a
sentence within the statutory range of punishment for an offense will not be
held cruel or unusual under the Constitution of either Texas or the United
States.”).  “Moreover, the fact that a
certain non-death-penalty punishment is mandatory, and thereby precludes
consideration of mitigation evidence, does not automatically render the
punishment cruel and unusual.”  Moore v. State, 54 S.W.3d 529, 541 (Tex.
App.—Fort Worth 2002, pet. ref’d).  

The Legislature has determined that
a severe penalty is warranted and, by implication, not cruel when the evidence
shows the defendant has committed indecency with a child or sexually assaulted
a child after previously being convicted of indecency with a child.  See
Tex. Penal Code Ann.
§ 12.42(c)(2)(A)(i), (B)(ii).  Such
a mandatory sentence is not “unusual” merely because it is reserved for a small
number of crimes.  See Harmelin, 501 U.S. at 994–95, 111 S. Ct. at 2701 (“Severe,
mandatory penalties . . . are not unusual in the constitutional sense, having
been employed in various forms throughout our Nation’s history.”).  Therefore, because the life sentence required
by Texas Penal Code section 12.42(c)(2) is authorized by statute, its
mandatory imposition without regard to mitigation evidence does not constitute
cruel or unusual punishment within the meaning of Texas Constitution.  Id.

We hold that the mandatory life
sentences imposed under section 12.42(c) of the Texas Penal Code are not
unconstitutional under the Eighth Amendment to the United States Constitution
or Article I, section 13 of the Texas Constitution.  We overrule Duran’s first four issues.

II.              
Right to jury trial

In his fifth and sixth issues,
Duran argues that the mandatory life sentences violated his right to trial by
jury under the Texas Constitution. 
Article I, section 10 addresses the rights of the accused in criminal
prosecutions, and it provides, in part: “In all criminal prosecutions the accused shall have a speedy
public trial by an impartial jury.”  Tex.
Const. art. I, § 10.  Duran’s
complaint on appeal is that the mandatory sentencing provision of Penal Code
section 12.42(c) precludes him from obtaining a jury’s determination of an
appropriate sentence based upon its evaluation of the evidence and
deliberation.

In Ex parte Marshall, 161 S.W. 112 (Tex. Crim. App. 1913), the Court
of Criminal Appeals addressed whether the Texas Constitution requires “that the
jury shall assess the punishment.”  161
S.W. at 113.  The Court held that “the
fixing of the penalty by a jury” is not “either implied or guaranteed” by the
Texas Constitution.  Id.  This understanding that
a criminal defendant’s right to a jury trial under the Texas Constitution does
not include the right to have a jury assess punishment still prevails.  See,
e.g., Bullard v. State, 548
S.W.2d 13, 16 (Tex. Crim. App. 1977) (Article I, section 10 has “been held to
only guarantee a trial by jury where one was provided for by common law or by a
statute in effect when the Constitution was adopted in 1876”), superseded on other grounds by statute, Tex. Code Crim. Proc. Ann.
art. 44.29(b), as recognized in
Carson v. State, 6 S.W.3d
536, 538–39 (Tex. Crim. App. 1999); Martinez
v. State, 66 S.W.3d 467, 471 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d)
(“the Texas Constitutional right to a jury trial does not include the right to
have the jury assess punishment”).  

Duran’s
guilt was determined by a jury, and he raised no objections to that phase of
the proceeding.  We overrule his fifth
and sixth issues.

Conclusion

We affirm the judgments of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Publish.
 Tex. R. App. P. 47.2(b).

 











[1]
          The Court observed that most Eighth Amendment
challenges do not complain that the punishment is “inherently barbaric,” but instead
contend that the sentence is “disproportionate to the crime.”  Graham
v. Florida, 130 S. Ct. 2011, 2021 (2010). 
Duran’s complaint likewise relates to the proportionality of his
sentence insofar as mitigating circumstances were statutorily excluded from
consideration in his sentencing.  Harmelin specifically rejected the
suggestion—and Duran does not argue in this appeal—that the Eighth Amendment
categorically prohibits sentences of life imprisonment without parole as a
method of punishment.  See Harmelin v. Michigan, 501 U.S. 957,
994–95, 111 S. Ct. 2680, 2701 (1991). 

 





[2]
          See, e.g., Meadoux v.
State, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010), cert. denied, 131 S. Ct. 1827 (2011).  Before Graham, the categorical approach was exclusively applied in
death-penalty cases.  See Graham, 130 S. Ct. at 2022.  One of Graham’s
innovations was the application of the categorical approach in a
non-death-penalty circumstance, sustaining a categorical challenge to a
term-of-years sentence and holding that the Eighth Amendment proscribes
sentences of life without parole for juvenile offenders in nonhomicide
cases.  In reaching this conclusion, Graham observed a subdivision of
categorical Eighth Amendment challenges between those considering the “nature
of the offense” (e.g., unavailability of capital punishment for nonhomicide
crimes against individuals, see Kennedy
v. Louisiana, 554 U.S. 407, 438, 128 S. Ct. 2641, 2660 (2008)) and those
considering the “characteristics of the offender” (e.g., unavailability of capital
punishment for juvenile offenders, see Roper
v. Simmons, 543 U.S. 551, 125 S. Ct. 1183 (2005), and the mentally disabled,
see Atkins v. Virginia, 536 U.S. 304,
122 S. Ct. 2242 (2002)).  See id. 
Notably, Duran’s argument fits neither of these subdivisions of
categorical challenges acknowledged in Graham.