

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00592-CR

Roberto **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 14022CR
Honorable Enrique Fernandez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Rebeca C. Martinez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed: September 4, 2019

AFFIRMED

Appellant Roberto Perez was convicted by a jury for retaliation against a public servant and punishment was assessed at ten-years confinement. In his sole point of error, Perez argues that his constitutional rights to due process and protection against cruel and unusual punishment under the federal and state constitutions were violated by the jury's imposition of a ten-year sentence.

## BACKGROUND

On June 12, 2017, Officer Darren Johnson responded to a disturbance at the Val Verde County Library (the "Library"). Upon arrival at the Library, Officer Johnson saw Perez sitting beneath a tree holding a can of beer. Officer Johnson offered to drive Perez to a public park in the neighborhood where he could drink his beer without violating the law. Perez agreed and Officer Johnson dropped Perez off at the park.

Later that day, Officer Johnson responded to another reported disturbance involving Perez at a park. While en route to the park, Officer Johnson heard a report over the police radio concerning the discovery of damaged property at the Library. Suspecting Perez may have caused the damage, Officer Johnson detained Perez and placed him in the backseat of his patrol car. Officer Johnson testified that Perez then became "agitated" and "aggressive." Officer Johnson smelled a strong odor of alcohol on Perez's breath. Officer Johnson informed Perez he was under arrest for public intoxication and would be taken into custody. According to Officer Johnson, Perez became more aggressive after being told he was under arrest.

Perez began making death threats toward Officer Johnson while Officer Johnson was transporting Perez to the police station. Officer Johnson testified that Perez "started making threats that he wanted to kill [Officer Johnson] . . . and kill [his] family," and repeatedly said "I'll kill you, I'll kill you, I'll kill your whole family." According to Officer Johnson, Perez threatened to kill him and his family "approximately seven times," including one final threat Perez made while staring at Officer Johnson: "I will kill you with my bare hands." On August 8, 2018, Perez was convicted by a jury for retaliation against a public servant and was sentenced to the statutory maximum of ten years in prison. Perez appeals.

**DISCUSSION**

For the first time on appeal, Perez argues his ten-year sentence constitutes cruel and unusual punishment—in violation of his constitutional rights under the Eighth Amendment of the United States Constitution and article I, section thirteen of the Texas Constitution—because his sentence is grossly disproportionate to his crime. The State argues Perez waived the issue because he failed to preserve error. Perez argues the violation is fundamental error that cannot be waived.

### A. Waiver

In order to preserve error for appellate review, a party must make a timely request, objection, or motion in the trial court. *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). Failure to preserve error at trial forfeits the later assertion of that error on appeal. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *see also* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ."). "This rule applies to all but the most fundamental rights." *Henson*, 407 S.W.3d at 767; *see also Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) (affirming some, but not all, constitutional rights may be forfeited).

Texas courts have consistently recognized that a claim against cruel and unusual punishment can be waived if the appellant does not raise an objection in the trial court. *See, e.g., Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) ("'As applied' constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error."); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Reynolds v. State*, 430 .W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Williams v. State*, 191

S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). An appellant forfeits his right to argue that his sentence constitutes cruel and unusual punishment by failing to properly and timely object in the trial court. *Rhoades*, 934 S.W.2d at 120; *see also Curry v. State*, 910 S.W.2d 490, 497–98 (Tex. Crim. App. 1995) (holding point of error is overruled due to appellant's failure to preserve error "because there was no objection urged at trial"); *Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (holding appellant did not raise contention against cruel and unusual punishment in the trial court and consequently the error was not preserved for review). Here, Perez acknowledges that he failed to object to the ten-year sentence at trial. Because Perez failed to lodge a specific objection regarding cruel and unusual punishment in the trial court, he waived review of this issue on appeal.

### B. Grossly Disproportionate Sentence

Even assuming Perez properly preserved error, his ten-year sentence does not constitute cruel and unusual punishment under the United States Constitution or the Texas Constitution.

#### 1. Texas Constitution

In Texas, it has long been recognized that if a punishment assessed by the trial court is within "the limits prescribed by the statute," there is no violation of the state constitutional provisions against cruel and unusual punishment. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *see also Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (holding a sentence that falls within the ranges prescribed by the legislature was not "excessive, unusual and cruel"); *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968) ("If the punishment is within that prescribed by the statute, it is beyond the province of this Court to [address] the question of excessive punishment"); *Lambright v. State*, 318 S.W.2d 653, 653 (Tex. Crim. App. 1958) (holding the extent of the punishment assessed by the trial court does not constitute error when the punishment is within the limits authorized by law).

Here, Perez's ten-year sentence is within the range of punishment prescribed by the legislature for this crime. Because Perez's assessed punishment for retaliation against a public servant—a third degree felony—is within the two to ten-year range allowed by section 12.34(a) of the Texas Penal Code, Perez's punishment does not violate the state's constitutional provisions against cruel and unusual punishment. *See Samuel v. State*, 477 S.W.2d at 614; *see also* TEX. PENAL CODE ANN. § 12.34(a).

### 2. *United States Constitution*

The United States Supreme Court has held "as a matter of principle [] a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983). In *Solem*, the Supreme Court set forth a proportionality analysis that is to be used as guidance for courts reviewing sentences under the Eight Amendment. *Id*. "A court's proportionality analysis . . . should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 292. After *Solem*, the Supreme Court re-examined its analysis in *Harmelin v. Michigan*, 501 U.S. 957 (1991). However, the *Harmelin* Court "left much uncertainty in its wake." *Puga v. State*, 916 S.W.2d 547, 549 (Tex. App.—San Antonio 1996, no pet.). Because of such uncertainty, the Fifth Circuit decided to examine and interpret "*Solem* [] in the light of *Harmelin* . . . ." *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992). The Fifth Circuit made "a threshold comparison of the gravity of [the] offenses against the severity of [the] sentence." *Id.* at 316. "Only if [the court] infer[red] that the sentence [was] grossly disproportionate to the offense [would they] consider the remaining factors of the *Solem* test . . . ." *Id*.

Following the Fifth Circuit's interpretation, our threshold consideration is the comparison between the gravity of Perez's offenses against the severity of his sentence. *See Smith v. State*,

256 S.W.3d 341, 344 (Tex. App.—San Antonio 2007, no pet.) ("[O]nly upon determination that a sentence is grossly disproportionate to the offense does an appellate court consider the remaining two factors.").

In this case, the jury found Perez guilty of the third-degree felony offense of retaliation against a public servant. Perez asked to have his punishment assessed by the jury. Perez's prior convictions and the patrol car video, which showed Perez threatening Officer Johnson, were among the evidence considered by the jury during the punishment phase. Perez testified that he had been in the penitentiary five times and had been convicted for robbery and assault in the past. Perez also admitted to threatening to cut an officer's head off with a machete.

Officer Johnson testified Perez's threats crossed the line because they were direct and personal, stating, "I've received many threats as a correctional officer . . . what's different about this event, it was direct, it wasn't indirect" because Perez "wanted to kill me personally and my family." Officer Johnson testified that the severity of the repeated threats aimed at him and his family scared him, and he believed Perez showed intent to act on his threats. Officer Johnson believed if Perez "[were] out the next day, [Perez] would be looking for [Officer Johnson] and [his] family." Here, the jury could have reasonably concluded that Perez intended to act on his threats because of Perez's past criminal record and the severity of the threats against Officer Johnson and his family, and, based on these factors, assessed punishment at the statutory maximum of ten-years confinement. We cannot hold that Perez's sentence is *grossly* disproportionate to his crime. *Cf. Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case[s]."); *Solem*, 463 U.S. at 303 (holding a sentence of life imprisonment without the possibility of parole for the crime of uttering a no-account check for $100 is considered grossly disproportionate); *Weems v. United States*, 217

U.S. 349, 382 (1910) (holding a sentence of fifteen-years imprisonment for a crime of falsifying a public record is considered "repugnant to the Bill of Rights").

Comparing the gravity of Perez's offense to the severity of the sentence assessed by the jury, we conclude Perez's sentence is not grossly disproportionate to the crime. Because Perez did not meet this threshold requirement, his sentence did not violate the Eighth Amendment's prohibition on cruel and unusual punishment, and there is no need to address the remaining *Solem* factors. *See Smith*, 256 S.W.3d at 344; *see also Puga*, 916 S.W.2d at 550 ("[W]e hold that appellant's sentence is not grossly disproportionate to his crime, accordingly, we do not decide what role, if any, the remaining factors of *Solem* play in his disproportionality points of error.").

Perez's sole issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH