**Affirmed as Modified and Opinion Filed September 26, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00259-CR

**ANTHONY LEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1976845-W**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Miskel

Anthony Lee appeals the trial court's judgment convicting him of murder with

a deadly weapon, enhanced by a prior felony conviction for aggravated robbery. *See*

TEX. PENAL CODE § 19.02.   The jury found Lee guilty and the enhancement true,

and it assessed punishment at life in prison.

Lee raises one issue on appeal, arguing that his sentence is grossly

disproportionate to the offense in violation of the Eighth Amendment to the United

States Constitution and Article I, Section 13 of the Texas Constitution because he

was severely mentally impaired.  We conclude that Lee did not preserve this issue

for appellate review. Even if he had preserved it, we conclude that Lee's sentence was not unconstitutional. In addition, the judgment contains errors that we may correct on appeal. We affirm the trial court's judgment as modified.

**I.      Failure to Preserve Eighth Amendment and Article I, Section 13 Claims**

The record must show that appellant made a timely request, objection, or motion to the trial court for error to be preserved on appeal, subject to two narrow exceptions for absolute rights or waivable-only rights not at issue here. *See* TEX. R. APP. P. 33.1(a)(1); *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014).

Constitutional rights, including the right to be free from cruel and unusual punishment, may be forfeited. *See Ware v. State*, No. 05-22-00302-CR, 2023 WL 1431422, at *1 (Tex. App.—Dallas Feb. 1, 2023, no pet. h.) (mem. op., not designated for publication) (holding that appellant failed to preserve claims under Eighth Amendment and Article I, Section 13 of Texas Constitution); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003) (no pet.) (holding that appellant failed to preserve Eighth Amendment claim); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that appellant forfeited claim under Article I, Section 13 of Texas Constitution).

Lee did not object that his sentence was grossly disproportionate to his offense or that it violated the Eighth Amendment or Article I, Section 13 of the Texas Constitution either at his punishment hearing in the trial court or in his motion for a

new trial. Consequently, we conclude that Lee failed to preserve this argument for appellate review.

## II. No Violation of Eighth Amendment or Article I, Section 13

Even if Lee had preserved his claims under the Eighth Amendment or Article I, Section 13 of the Texas Constitution on appeal, we conclude that his sentence is not grossly disproportionate to his offense.[1]

### A. Applicable Law

The Texas Court of Criminal Appeals has long held that a sentence within the statutory range of punishment generally is not cruel and unusual under the Eighth Amendment or the Texas Constitution. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (reviewing Eighth Amendment claim); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) (reviewing claims under both federal and state constitutions); *Lambright v. State*, 318 S.W.2d 653, 653 (Tex. Crim. App. 1958) (reviewing claim under Article I, Section 13 of the Texas Constitution).

The punishment range for murder as enhanced by a prior felony conviction is confinement in prison for any term of life, or not more than 99 years or less than 15 years, and a fine not to exceed $10,000. *See* TEX. PENAL CODE §§ 12.42(c), 19.02.

---

[1] We do not address Lee's challenge under Article I, Section 13 of the Texas Constitution separately in detail because "the Texas Court of Criminal Appeals has concluded there is no significant difference between the protections afforded" by the state and federal constitutions with respect to cruel and unusual punishment. *Forbit v. State*, No. 05-19-00946-CR, 2021 WL 1884655, at *1 (Tex. App.—Dallas May 11, 2021, no pet.) (mem. op., not designated for publication) (citing, *inter alia*, *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997)).

In the present case, the jury returned a punishment of life in prison, which was within the statutory range for Lee's offense.

Although the concept of proportionate punishment is embodied in the Eighth Amendment, this narrow principle does not require strict proportionality between the crime and the sentence. *Simpson*, 488 S.W.3d at 322. It forbids only extreme sentences that are "grossly disproportionate" to the crime. *Id.* (citing *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)). A sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case. *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

To determine whether a sentence for a term of years, including a life sentence, is grossly disproportionate to the crime, the court must conduct a threshold comparison of the gravity of the offense and the severity of the sentence. *Graham v. Florida*, 560 U.S. 48, 60 (2010). In making this comparison, we must judge (1) the severity of the sentence in light of the harm caused or threatened to the victim, (2) the culpability of the offender, and (3) the offender's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323. In the rare case in which this threshold comparison leads to an inference of gross proportionality, we then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* (citing *Graham*, 560 U.S. at 60). If this comparison validates an

initial judgment that the sentence is grossly disproportionate, then the sentence is cruel and unusual. *Id.*

### B. Lee's sentence is not grossly disproportionate to the offense.

We begin with the threshold analysis. The record in this case shows that Lee was found guilty of murdering a member of his sister's household by shooting him in the head from behind while he was dozing on the couch. In the course of this murder, Lee also shot his brother-in-law multiple times and thought he also had killed him, although his brother-in-law survived this attack. The severity of Lee's sentence correlates with the harm caused to the victim.

Lee argues that his history of mental illness, which was known to his family to some degree, diminishes his culpability. However, Texas courts reviewing Eighth Amendment claims have rejected similar arguments and upheld sentences within the statutory punishment range despite claims that the defendant suffered from a mental illness. *See Wilson v. State*, No. 05-07-01517-CR, 2008 WL 4966829, at *1 (Tex. App.—Dallas Nov. 24, 2008, no pet.) (not designated for publication) (holding that the appellant's life sentence for murder was not cruel and unusual punishment because she may have suffered from a mental illness); *Quick v. State*, 557 S.W.3d 775, 789 (Tex. App.—Houston [14th Dist.], pet. ref'd) (rejecting defendant's argument that his mental illness lessened his moral culpability where no expert testified that the appellant's mental illness caused him to commit the crimes, and the record did not contain evidence that appellant did not understand his actions were

wrong); *see also Mays v. State*, 318 S.W.3d 368, 379–80 (Tex. Crim. App. 2010) (stating that appellant convicted of capital murder failed to show "[his mental] impairment was so severe that he is necessarily and categorically less morally culpable than those who are not mentally ill" and rejecting appellant's argument that his execution would violate the Eighth Amendment).

In the present case, a similar lack of expert evidence exists regarding the details of Lee's mental illness and medications or any impact of his illness on his understanding of, and culpability for, his crime. Before trial, the trial court ordered that Lee be examined to determine if he was competent to stand trial and if he was a person with mental illness. The record shows that a licensed psychologist evaluated Lee and found him competent to stand trial. She further found that he did not exhibit signs of a severe psychiatric disorder at that time and did not have an identifiable mental illness that interfered with competency-related capacities. The record also indicates that Lee had a history of drug use (marijuana and PCP). Although Lee testified during the punishment phase of the trial that he began to receive counseling and take medications for depression and schizophrenia intermittently and was homeless at times, he fails to show he was less morally culpable for his offenses than a person who is not mentally ill.

Finally, the record contains evidence of several prior adjudicated and unadjudicated offenses committed by Lee, including a felony conviction for aggravated robbery, a high school incident in which Lee groped a female classmate,

a parole violation for assaulting his girlfriend, and a DWI case pending at the time of trial in which a police officer found Lee intoxicated inside his car in a parking lot.

After comparing the gravity of Lee's offense and the severity of his sentence in light of the harm to the victims, considerations relating to Lee's moral culpability, and his prior adjudicated and unadjudicated offenses, we find that this threshold comparison does not lead to an inference of a grossly disproportionate punishment. Consequently, we need not engage in the comparative sentencing required by the final step of this analysis. We overrule Lee's sole issue on appeal.

### III. Modification of Judgment

Although neither party raises the issue, we observe that the judgment incorrectly states that there was neither an enhancement paragraph nor a finding by the jury on the enhancement paragraph. However, the record shows that the State filed a notice of intent to enhance Lee's punishment range with a prior felony conviction for aggravated robbery. The record also shows that Lee pleaded true to the enhancement during the punishment hearing, and the jury found the enhancement true. An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting the reasoning in *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.— Dallas 1991, pet. ref'd) (en banc)).

We conclude the trial court's final judgment should be modified as follows:

(1) "1st Enhancement Paragraph: N/A" is modified to read "1st Enhancement Paragraph: True"; and

(2) "Finding on 1st Enhancement Paragraph: N/A" is modified to read "Finding on 1st Enhancement Paragraph: True."

### IV. Conclusion

Lee's life sentence does not violate the prohibition against cruel and unusual punishment under the Eighth Amendment of the United States Constitution or Article I, Section 13 of the Texas Constitution. We affirm the trial court's judgment as modified.

220259f.p05

/Emily Miskel/

EMILY MISKEL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANTHONY LEE, Appellant

No. 05-22-00259-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1976845-W. Opinion delivered by Justice Miskel. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) "1st Enhancement Paragraph: N/A" is modified to read "1st Enhancement Paragraph: True"; and

(2) "Finding on 1st Enhancement Paragraph: N/A" is modified to read "Finding on 1st Enhancement Paragraph: True."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of September, 2023.