**AFFIRM AS MODIFIED; and Opinion Filed May 22, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00732-CR**
**No. 05-23-00733-CR**
**No. 05-23-00734-CR**

**WILL LEE WASHINGTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-22-41991, F-22-41992, and F-22-41993**

## MEMORANDUM OPINION

Before Justices Goldstein, Smith, and Garcia
Opinion by Justice Smith

Will Lee Washington appeals the trial court's judgments convicting him of evading arrest with a vehicle,[1] unlawful possession of a firearm by a felon,[2] and possession of a controlled substance.[3] In two issues, appellant contends that (1) he received a sentence beyond that necessary to accomplish the goals of the United States and Texas Constitutions and the Texas Penal Code and (2) duplicative court

---

[1] Appellate cause number 05-23-00732-CR; trial court cause number F-22-41991.

[2] Appellate cause number 05-23-00733-CR; trial court cause number F-22-41992.

[3] Appellate cause number 05-23-00734-CR; trial court cause number F-22-41993.

costs were improperly assessed in two of the cases. We affirm the trial court's judgment in trial court cause number F-22-41991. We modify the judgments in trial court cause numbers F-22-41992 and F-22-41993 and affirm as modified.

**Background**

In December 2022, appellant was charged with evading arrest with a vehicle, possession of a firearm by a felon, and possession of a controlled substance. The indictment for evading arrest included an enhancement paragraph alleging a prior felony, and the indictment for possession of a controlled substance included two enhancement paragraphs each alleging a prior state jail felony. Appellant entered an open plea of guilt and judicially confessed to each offense, pleaded true to the enhancement paragraphs, and proceeded to trial before the court on punishment.

Mesquite Police Officer Douglas Coyle testified that he attempted to initiate a traffic stop of a driver, later identified as appellant, at approximately 7 a.m. on October 25, 2022. Officer Coyle observed appellant first fail to maintain a single lane of traffic and then run a red light, almost causing a collision. Officer Coyle activated the lights on his police car, and appellant accelerated and evaded arrest for several minutes. In doing so, appellant passed through intersections and crosswalks near schools where, at that time of day, it was common for students to be walking. Appellant ran a second red light while driving approximately sixty to seventy miles per hour. Officer Coyle lost track of appellant's vehicle, but another officer located

it and apprehended appellant. Officers searched appellant and found a stolen firearm and methamphetamine on his person.

Less than three months earlier, appellant had been granted parole on four felony offenses, one of which was evading arrest with a vehicle. Records showing appellant's prior offenses were admitted into evidence. From 2017 through 2020, appellant had been convicted of at least eight felonies, including unauthorized use of a vehicle, evading arrest, burglary of a habitation, possession of a controlled substance, and theft, and a number of misdemeanors. He had served community supervision, had his community supervision revoked, and served time in prison.

Appellant, who was twenty-four-years old at the time of trial, asked the trial court to place him on community supervision with drug treatment. He testified that he realized he was getting older and could not keep wasting time. He planned to get a job and turn his life around. His parents also were getting older, and he did not want to disappoint them. They had supported appellant and would do anything to help him.

When asked to explain his actions, appellant testified that he did not have a job, had too much time, and was bored. He agreed that his criminal history was substantial. And, he acknowledged that he previously had opportunities to turn his life around while on community supervision and parole. Instead, he committed new offenses. He also had received drug treatment, but started hanging out with the wrong people when he was released.

Appellant was asked about a video he posted to his Facebook account during the short period of time between his release on parole and his arrest for the offenses he committed in these cases.[4] The video showed appellant brandishing firearms, including pointing one into traffic, and posing with pills and large bags of marijuana. Appellant disagreed that being so careless with firearms constituted a danger to himself or the community, testifying that it was "not like [he] killed anybody or anything." He was just showing off and not all the drugs were his.

Appellant's mother testified and also asked that appellant be placed on community supervision. She did not think he should be judged by the crimes for which he already served time and the video was irrelevant because appellant told her he was using props.

After hearing the evidence and arguments of counsel, the trial court accepted appellant's guilty pleas and sentenced him to ten years' confinement for the evading arrest offense and seven years' confinement for both the possession of a firearm by a felon offense and the possession of a controlled substance offense, with the sentences to run concurrently. This appeal followed.

### Punishment

In his first issue, appellant complains that he received a sentence beyond that necessary to accomplish the goals of the United States and Texas Constitutions and

---

[4] During this same period, appellant also was arrested, and released on bond, for credit card abuse.

the Texas Penal Code. Appellant identifies mitigating factors, including that he is older now and has started taking life more seriously, he has a stable and supportive family, and he took responsibility for the offenses, and asserts that his sentences were not proportional to his offenses and failed to promote the goal of rehabilitation set forth in the penal code.

Subject to two narrow exceptions for absolute rights or waivable-only rights not at issue in these cases, the record must show that an appellant made a timely request, objection, or motion to the trial court for error to be preserved on appeal. *See* TEX. R. APP. P. 33.1(a)(1); *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014). Appellant, however, did not object that his sentence was grossly disproportionate or failed to accomplish the goals set forth in the penal code either when his sentences were announced or in a post-conviction motion. Accordingly, appellant has not preserved his complaint for appellate review. *See Sims v. State*, No. 05-18-00572-CR, 2019 WL 2266547, at *3 (Tex. App.—Dallas May 28, 2019, no pet.) (mem. op., not designated for publication) (argument that sentence was grossly disproportionate in violation of constitution waived by failure to object in trial court); *Albiar v. State*, Nos. 05-22-00558-CR, 05-22-00559-CR, 2023 WL 5814273, at *2 (Tex. App.—Dallas Sept. 8, 2023, no pet.) (mem. op., not designated for publication) (listing cases in which this Court has consistently rejected argument that sentence contravened objectives of penal code when no such argument was raised in trial court).

Even had appellant properly preserved his complaint for our review, his sentences are neither grossly disproportionate nor violate the objective of the Texas Penal Code. Although the concept of proportionate punishment is embodied in the Eighth Amendment, it "is a narrow principle that does not require strict proportionality between the crime and the sentence."[5] *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). "[I]t forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (citing *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)). A sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case. *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Further, a sentence within the statutory limits is not excessive, cruel, or unusual under the Eighth Amendment or the Texas Constitution. *See id.* at 323; *Lambright v. State*, 318 S.W.2d 653, 653 (Tex. Crim. App. 1958).

To determine whether a sentence for a term of years is grossly disproportionate to a defendant's crime, we conduct a threshold comparison, judging "the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*,

---

[5] Because "there is no significant difference between the protections afforded" by the state and federal constitutions with respect to cruel and unusual punishment, *see Forbit v. State*, No. 05-19-00946-CR, 2021 WL 1884655, at *1 (Tex. App.—Dallas May 11, 2021, no pet.) (mem. op., not designated for publication), we address appellant's challenges under the Eighth Amendment and Article I, Section 13 of the Texas Constitution together.

560 U.S. 48, 60 (2010)). In the rare case in which this threshold comparison leads to an inference of gross disproportionality, we then compare the defendant's sentence with sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions. *Id.* (citing *Graham*, 560 U.S. at 60). If this comparison validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id.*

Appellant pleaded guilty to three offenses: (1) evading arrest, a third-degree felony when the crime involves a repeat offender and a vehicle was used to evade arrest; (2) possession of a firearm by a felon, a third-degree felony when the offender possesses the firearm prior to the fifth anniversary of being released from confinement; and (3) possession of a controlled substance listed in penalty group 1 or 1-B that weighs less than a gram, a state jail felony. *See* TEX. PEN. CODE ANN. §§ 38.04(b)(2)(A), 46.04(a)(1), (e); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). A person who commits a third-degree felony is subject to a range of imprisonment not more than ten years or less than two years and may be punished with a fine not to exceed $10,000. TEX. PEN. CODE ANN. § 12.34(a), (b). A person on trial for a third-degree felony who has been previously convicted of a felony other than a state jail felony shall be punished for a second-degree felony during sentencing if convicted. TEX. PEN. CODE ANN. § 12.42(a). A person convicted of a second-degree felony is subject to a range of imprisonment not more than twenty years or less than two years and may be punished with a fine not to exceed $10,000.

TEX. PEN. CODE ANN. § 12.33(a), (b). A person on trial for a state jail felony who has been previously convicted of two state felonies shall be punished for a third-degree felony. TEX. PEN. CODE ANN. § 12.425(a). Appellant's ten-year sentence for evading arrest, enhanced by a prior felony conviction, falls well within the statutory limits of two to twenty years for a second–degree felony. Similarly, his seven-year sentences for possession of a firearm by a felon and state jail felony possession of a controlled substance, enhanced by two prior state jail felonies, fall well within the statutory limits of two to ten years for a third–degree felony. Appellant's sentences, therefore, are not unconstitutionally cruel and unusual. *See Simpson*, 488 S.W.3d at 323; *Castaneda v. State*, 135 S.W.3d 719, 723, 725 (Tex. App.—Dallas 2003, no pet.).

The evidence clearly shows the gravity of appellant's offenses. He sped near multiple schools and through a high school crosswalk during a time of high foot traffic, ran two red lights, and narrowly avoided a collision. He evaded arrest while in possession of a stolen firearm and methamphetamine. Appellant failed to express remorse. Further, he committed the offenses less than three months after being granted parole for four other felony offenses. Considering the severity of appellant's sentences in light of the harm threatened, his culpability, and his prior adjudicated and unadjudicated offenses, we conclude that his sentences do not constitute the rare or extreme case that raises an inference of gross disproportionality. Accordingly,

we need not compare appellant's sentences to sentences imposed on others. *See Simpson*, 488 S.W.3d at 323.

Appellant also contends that, based on his age, his sentences failed to promote the goal of rehabilitation, one of the sentencing objectives set out in the Texas Penal Code. Rehabilitation, however, is not the only objective of the penal code; deterrence and punishment as necessary to prevent recurrence of criminal behavior also are objectives. *See* TEX. PENAL CODE ANN. § 1.02(1); *Render v. State*, No. 05-16-00542-CR, 2017 WL 1326055, at *2 (Tex. App.—Dallas Apr. 11, 2017, no pet.) (mem. op., not designated for publication).

We review a trial court's sentence for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a sentence assessed within the statutory range of punishment applicable to the crime will not be disturbed on appeal, *id.*; *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd), and as noted previously, appellant's sentences were within the applicable statutory limits. Further, the evidence shows that appellant had not taken advantage of opportunities for rehabilitation while on community supervision in the past. His sentences satisfy the objectives of deterrence and punishment necessary to prevent the likely recurrence of criminal behavior. *See* TEX. PENAL CODE ANN. § 1.02(1)(A), (C). Considering the nature of appellant's offenses and their circumstances, we cannot conclude that the trial court abused its discretion by imposing the sentences it did, even if those sentences may have furthered one objective of the penal code

more than another. *See Render*, 2017 WL 1326055, at \*2. We overrule appellant's first issue.

## Modification of Judgments

In a second issue, appellant asserts that the trial court erred in assessing duplicative court costs. The State agrees.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). And, specifically, we may modify a judgment to eliminate duplicative or improper costs. *Wilson v. State*, Nos. 05-22-00452-CR, 05-22-00453-CR, 2023 WL 4758470, at \*2 (Tex. App.—Dallas July 26, 2023, pet. ref'd) (mem. op., not designated for publication).

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.). Generally, court costs should be assessed in the case with the highest category offense but, when the convictions are for the same category of offense and the costs

are the same, the costs should be assessed in the case with the lowest trial court cause number. *Id.*

Here, appellant was convicted of two third-degree felonies, evading arrest and possession of a firearm by a felon, and one state jail felony, possession of a controlled substance. *See* TEX. PEN. CODE ANN. §§ 38.04(b)(2)(A), 46.04(a)(1), (e); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). Because each of his convictions arose from a single criminal action, court costs should have been assessed in only one case. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The evading arrest and possession of a firearm by a felon offenses are both third-degree felonies, so only court costs for the evading arrest offense, which has the lower trial court cause number, should be enforced. *See Garcia v. State*, Nos. 05-21-01134-CR, 05-21-01135-CR, 05-21-01136-CR, 05-21-01137-CR, 2022 WL 5113172, at *2 (Tex. App.—Dallas Oct. 5, 2022, no pet.) (mem. op., not designated for publication); *Shuler*, 650 S.W.3d at 690. Accordingly, we sustain appellant's second issue and modify the trial court's judgment and the bill of costs for the possession of a firearm by a felon offense, trial court cause number F-22-41992, and the state jail felony possession of a controlled substance, trial court cause number F-22-41993, to delete the duplicative $286 in court costs.

**Conclusion**

We modify the trial court's judgments and bills of costs in trial court cause numbers F-22-41992 and F-22-41993 to delete the duplicative court costs. Those

–11–

judgments, as modified, are affirmed. We also affirm the trial court's judgment in trial court cause number F-22-41991.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230732F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILL LEE WASHINGTON,
Appellant

No. 05-23-00732-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-22-41991.
Opinion delivered by Justice Smith.
Justices Goldstein and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of May, 2024.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILL LEE WASHINGTON,
Appellant

No. 05-23-00733-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-22-41992.
Opinion delivered by Justice Smith.
Justices Goldstein and Garcia
participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment and bill of costs in trial court cause number F-22-41992 to delete the court costs of $286.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of May, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILL LEE WASHINGTON,
Appellant

No. 05-23-00734-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-22-41993.
Opinion delivered by Justice Smith.
Justices Goldstein and Garcia
participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment and bill of costs in trial court cause number F-22-41993 to delete the court costs of $286.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of May, 2024.